WILLIAM T. WALTERS, Petitioner, *v.* THE EIGHTH JUDI-
CIAL DISTRICT COURT OF THE STATE OF NEVADA, in
and for THE COUNTY OF CLARK; and THE HONOR-
ABLE MARK R. DENTON, District Judge, Respondents,
and FEDERAL DEPOSIT INSURANCE CORPORATION,
as Receiver for COMMUNITY BANK OF NEVADA, Real
Parties in Interest.

No. 55912

October 13, 2011

263 P.3d 231

*Bailey Kennedy* and *Dennis L. Kennedy, Kimberly R. McGhee,*
and *Craig A. Henderson,* Las Vegas, for Petitioner.

*McDonald Carano Wilson LLP* and *Jeffrey A. Silvestri, Andrew
P. Gordon,* and *Lisa M. Wiltshire,* Las Vegas, for Real Parties in
Interest.

Before the Court EN BANC.[1]

## OPINION

By the Court, DOUGLAS, J.:

This original petition for a writ of mandamus or prohibition presents the issue of whether the counterclaim, cross-claim, and written motion setting the grounds for the application and the relief sought satisfies the requirements of NRS Chapter 40 for seeking a deficiency judgment based upon a breach of guaranty. We conclude that it does and deny petitioner William T. Walters' request for extraordinary relief.

### FACTS AND PROCEDURAL HISTORY

This case involves the sale of Stallion Mountain Golf Course for $24,480,000 to a group of 26 investors (the Borrowers) in February 2006. To complete the purchase, the Borrowers contributed $9,230,000 in cash and financed the remaining balance owed

---

[1]THE HONORABLE KRISTINA PICKERING, Justice, voluntarily recused herself from participation in the decision of this matter.

($15,250,000) through a nonrecourse loan (the Loan) with Community Bank of Nevada (CBN). In order to facilitate the sale, Walters entered into a separate guaranty with CBN where he personally guaranteed the Loan. In Walters' guaranty, he expressly waived the requirements of NRS 40.430 (the one-action rule), "which provides that a creditor can pursue only one action to recover a debt secured by a mortgage or lien on real property."[2] *McDonald v. D.P. Alexander*, 121 Nev. 812, 814, 123 P.3d 748, 749 (2005).

Prior to the Borrowers' default and the eventual foreclosure of Stallion Mountain, Walters filed a complaint in the district court in May 2008, asserting causes of action for declaratory relief and breach of the implied covenant of good faith and fair dealing against CBN.[3] Thereafter, the Borrowers failed to make the monthly payment on the Loan in July 2008, and CBN recorded a notice of breach and election to sell as evidence of its intent to foreclose on Stallion Mountain in August 2008.

In September 2008, CBN filed its initial answer, counterclaim, cross-claim, and third-party complaint in response to Walters' complaint. In its counterclaim, CBN alleged that Walters breached his personal guaranty. Specifically, CBN asserted that Walters "absolutely and unconditionally agree[d] to pay the indebtedness of the Borrowers under the Loan," and his failure to pay was a default on his guaranty. In December 2008, a trustee's sale was held for Stallion Mountain, and CBN purchased the property with a credit bid of $5 million.

In April 2009, CBN filed an answer, counterclaim, cross-claim, and third-party complaint in response to Walters' second amended complaint. In the First Cause of Action of the counterclaim, CBN asserted breach of guaranty against Walters. CBN further maintained that Walters waived the one-action rule and that he defaulted on his guaranty. In its cross-claim, CBN sought to recover the deficiency against the Borrowers pursuant to NRS 40.455(1). CBN alleged a deficiency on the amount due on the Loan and the "amount of the credit bid in an amount to be proved-up at trial."

---

[2]The applicable waiver in the guaranty states in pertinent part:

> *Waiver of One-Action Rule, Anti-Deficiency Rules and Marshalling.* Guarantor hereby irrevocably waives to the maximum extent permitted by applicable law, all rights under Nevada Revised Statutes 40.430 and 40.495 . . . . Guarantor hereby waives to the maximum extent permitted by applicable law any "anti-deficiency" law or any other law which may prevent Lender from bringing any action, including a claim for deficiency, against Guarantor, before or after Lender's commencement or completion of any foreclosure action, either judicially or by exercise of a power of sale . . . .

[3]Walters also asserted claims for waste and indemnity and contribution against several other parties, who are not part of this original proceeding.

CBN filed a motion for summary judgment on its breach of guaranty action against Walters and sought damages of $12,470,919.37, which, at the time, was the remaining amount of the unpaid balance of the Loan on Stallion Mountain. In June 2009, Walters filed a motion for partial summary judgment on CBN's counterclaim for breach of the guaranty arguing that (1) CBN failed to apply for a deficiency judgment within six months after the foreclosure pursuant to NRS 40.455(1) (the anti-deficiency statute), (2) CBN's failure afforded him the protection of the anti-deficiency statutes pursuant to NRS 40.495(3), and (3) CBN was barred from recovering any amount against him under the guaranty. This motion was filed six months and one day after the date of the Stallion Mountain foreclosure. The district court denied the motion, finding that CBN's breach of guaranty counterclaim served as an "application" for relief as contemplated under NRS 40.455 because CBN framed the deficiency issue in moving for summary judgment against Walters on its breach of guaranty counterclaim. Thus, the district court concluded that CBN's counterclaim and motion for summary judgment met the requirements of an "application" for deficiency under NRS 40.455. The court also concluded that CBN was not seeking double recovery as it clearly stated in its motion for summary judgment that it was giving Walters credit for the sale price of Stallion Mountain.

In August 2009, the district court granted in part CBN's motion for summary judgment, concluding that no genuine issues of material fact existed as to Walters' guaranty liability to CBN. However, the district court concluded that factual issues still remained as to the amount of Walters' liability. The court ordered a hearing to determine the fair market value of Stallion Mountain in order to establish the amount of Walters' liability under the guaranty and ensure that Walters received appropriate credit for the value of the property as applied to his guaranty.

The Nevada Financial Institutions Division subsequently closed CBN and real party in interest, Federal Deposit Insurance Corporation (FDIC), has acted as receiver since that time. Walters now petitions this court for a writ compelling the district court to vacate its partial summary judgment in favor of CBN, to vacate its decision denying Walters' motion for partial summary judgment, and to preclude CBN from recovering any amount from Walters under his guaranty.

## DISCUSSION

Walters argues that extraordinary writ relief is appropriate because the district court was required to grant his motion for partial summary judgment and deny CBN's motion, based on CBN's failure to apply to the district court for a deficiency judgment within

the statutory six-month time period. As a result, CBN is barred as a matter of law from recovering any amount under the guaranty.[4] We disagree and deny Walters' petition.

Both mandamus and prohibition are extraordinary remedies, and whether a petition for extraordinary relief will be considered is solely within this court's discretion. *See Smith v. District Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Neither writ will issue when the petitioner has "a plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170, 34.330. This court will only consider writ petitions challenging a district court denial of a motion for summary judgment when no factual dispute exists and summary judgment is clearly required by a statute or rule, or an important issue of law requires clarification. *Smith v. District Court*, 113 Nev. 1343, 1345, 950 P.2d 280, 281 (1997).

*The district court did not act arbitrarily or capriciously in entering summary judgment in favor of CBN on its breach of guaranty counterclaim*

According to CBN, it clearly asserted a claim that comported with NRS 40.459 by calculating the amount Walters owed as a result of the deficiency (total indebtedness less the property's fair market value). We agree.

"Statutory interpretation is a question of law that we review de novo, even in the context of a writ petition." *International Game Tech. v. Dist. Ct.*, 124 Nev. 193, 198, 179 P.3d 556, 559 (2008). " 'Where the language of a statute is plain and unambiguous and its meaning clear and unmistakable, there is no room for construction, and the courts are not permitted to search for its meaning beyond the statute itself.' " *Madera v. SIIS*, 114 Nev. 253, 257, 956 P.2d 117, 120 (1998) (quoting *Erwin v. State of Nevada*, 111 Nev. 1535, 1538-39, 908 P.2d 1367, 1369 (1995)).

The parties dispute whether CBN's counterclaim, cross-claim, and summary judgment motion, which asserted a deficiency against Walters, met NRS 40.455(1)'s requirements that a judg-

---

[4]Walters also argues that although he waived the one-action rule by permitting CBN to bring an action on the guaranty for the full amount of the debt without first having to exhaust the security through foreclosure, CBN's decision to foreclose on Stallion Mountain triggered NRS 40.495(3), thereby obligating CBN to comply with Nevada's anti-deficiency statutes. We need not address the issue of waiver because we conclude that CBN properly complied with NRS 40.455(1) by making an application to the district court for deficiency judgment within six months of the foreclosure.

ment creditor apply for a deficiency judgment within six months after a foreclosure sale. NRS 40.455(1) states:

> Except as otherwise provided in subsection 3, upon application of the judgment creditor or the beneficiary of the deed of trust within 6 months after the date of the foreclosure sale or the trustee's sale held pursuant to NRS 107.080, respectively, and after the required hearing, the court shall award a deficiency judgment to the judgment creditor or the beneficiary of the deed of trust if it appears from the sheriff's return or the recital of consideration in the trustee's deed that there is a deficiency of the proceeds of the sale and a balance remaining due to the judgment creditor or the beneficiary of the deed of trust, respectively.

The statute requires an application within six months after the foreclosure sale but does not state that it must be specifically labeled as a deficiency judgment application as Walters asserts. Walters fails to argue persuasively that CBN's motion for summary judgment did not meet the application requirement. Although NRS 40.455(1) does not state how an application should be made, NRCP 7(b)(1) supports CBN's argument that its motion for summary judgment served as an application for a deficiency as required by NRS 40.455(1). NRCP 7(b)(1) provides that

> [a]n application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

Here, CBN's motion for summary judgment meets the requirements of NRCP 7(b)(1) as an application because it was made in writing, set forth in particularity the grounds for the application, and set forth the relief sought. Under the clear and unambiguous language of NRS 40.455(1), an application must be made within six months, and CBN's application was well within that time frame. The trustee's sale was conducted on December 8, 2008. The counterclaim and cross-claim were filed April 13, 2009, within six months of the date of the trustee's sale. The district court also found that CBN's motion for summary judgment constituted an application made within six months as required under NRS 40.455(1). Based on this determination, the district court concluded that CBN was not barred from attempting to prove a deficiency.

Having concluded that CBN complied with the deficiency application requirements of NRS Chapter 40, we next address Wal-

ters' contention that CBN is attempting double recovery. In *Boni-camp v. Vasquez*, this court noted that "the one-action rule prohibits first seeking the personal recovery and then attempting, in an additional suit, to recover against the collateral." 120 Nev. 377, 383, 91 P.3d 584, 587 (2004). Further, in *McDonald v. D.P. Alexander*, this court stated that "the purpose behind the one-action rule in Nevada is to prevent harassment of debtors by creditors attempting double recovery by seeking a full money judgment against the debtor and by seeking to recover the real property securing the debt." 121 Nev. at 816, 123 P.3d at 751. There may also be potential of double recovery when a guarantor waives the one-action rule pursuant to NRS 40.495(2); however, double recovery is not an issue in the instant case. Here, the district court found the fact that CBN factored in its $5 million bid on Stallion Mountain into the amount Walters owed under the guaranty in its cross-claim "to be a clear recognition that CBN was not seeking a double recovery." Additionally, the district court planned to determine the fair market value of Stallion Mountain on the date of the foreclosure sale and the amount Walters owes on his guarantee at trial or a deficiency hearing, as outlined in its Order Granting in Part Community Bank of Nevada's Motion for Summary Judgment dated November 25, 2009.[5]

Accordingly, we deny Walters' petition for a writ of mandamus or prohibition.[6]

SAITTA, C.J., and CHERRY, GIBBONS, HARDESTY, and PARRAGUIRRE, JJ., concur.

---

[5]In view of our holding, we need not address the other issues raised by the parties.

[6]In light of this decision, we vacate the stay imposed by our July 22, 2010, order.