An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SIMON LAVI,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE VALERIE ADAIR, DISTRICT JUDGE,<br>Respondents,<br>and<br>BRANCH BANKING AND TRUST COMPANY, SUCCESSOR-IN-INTEREST TO COLONIAL BANK BY ACQUISITION OF ASSETS FROM THE FDIC AS RECEIVER FOR COLONIAL BANK, A NORTH CAROLINA BANKING CORPORATION ORGANIZED AND IN GOOD STANDING UNDER THE LAWS OF NORTH CAROLINA,<br>Real Party in Interest. | No. 58968<br><br>**FILED**<br><br>MAY 2 4 2013<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY<br>DEPUTY CLERK<br> |

## *ORDER GRANTING PETITION FOR WRIT OF MANDAMUS*

This is an original petition for a writ of mandamus, or in the alternative, writ of prohibition, challenging a district court's order denying petitioner's summary judgment motion and granting partial summary judgment to real party in interest.

Petitioner Simon Lavi was a guarantor for a commercial real estate loan when real party in interest Branch Banking and Trust Company (BB&T) purchased the loan. On October 13, 2009, after the borrowers defaulted on the loan, BB&T filed a complaint seeking full recovery of the loan's balance from Lavi and others. While the complaint was pending, BB&T foreclosed on the property and took ownership through a credit bid at a February 11, 2010 trustee sale.

On January 31, 2011, BB&T moved for partial summary judgment regarding Lavi's liability for the remaining loan balance. In response, Lavi filed an opposition and countermotion for summary judgment, asserting that he was not liable for any deficiency and BB&T could not obtain a judgment due to its failure to comply with NRS 40.455. The district court determined NRS 40.455 did not bar BB&T's claims and Lavi had sufficient notice that BB&T intended to seek a deficiency judgment. Accordingly, the district court denied Lavi's countermotion for summary judgment and granted BB&T's motion for partial summary judgment.[1]

Lavi filed this petition for a writ of mandamus or, in the alternative, a writ of prohibition, challenging the district court's order. Lavi asserts that BB&T is barred from recovering a deficiency judgment because BB&T did not apply for a deficiency judgment within six months after the February 2010 trustee's sale, as required by NRS 40.455(1).

---

[1]The parties are familiar with the facts, so we do not recount them further except as pertinent to our disposition.

This court has the "power to issue writs of *mandamus* . . . [and] prohibition . . ." in a proper case. Nev. Const. art. 6, § 4. This court can issue a writ of mandamus to compel the performance of an act which the law requires as a duty resulting from an office, trust or station." *Harvey L. Lerer, Inc. v. District Court*, 111 Nev. 1165, 1168, 901 P.2d 643, 645 (1995); NRS 34.160. This court may issue a writ of prohibition to stop a "district court [from] exercising its judicial functions," when the district court is acting outside its jurisdiction. *Lerer*, 111 Nev. at 1168, 901 P.2d at 645; NRS 34.320. This court has sound discretion in granting writ relief; however, this court will only grant writ relief when the petitioner has no "plain, speedy, and adequate remedy at law." Id. (quotations omitted); NRS 34.170; 34.330. Generally, this court will not consider petitions challenging the district court's denial of a summary judgment motion, "unless summary judgment is clearly required by [law], or an important issue of law requires clarification." *ANSE, Inc. v. Dist. Ct.*, 124 Nev. 862, 867, 192 P.3d 738, 742 (2008). Where an action is barred by statutory constraints and no issue of material fact exists, mandamus it a proper remedy to compel entry of summary judgment., *Ash Springs Dev. v. O'Donnell*, 95 Nev. 846, 847, 603 P.2d 698, 699 (1979)

Ordinarily, an appeal from the final judgment would provide Lavi with an adequate legal remedy. *See, International Game Tech. v. Dist. Ct.*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). However, we conclude the appeal in this instance would not be adequate. Accordingly, we will exercise our discretion to consider this petition.

Under NRS 40.455(1) a judgment creditor must apply for a deficiency judgment "within 6 months *after* the date of the foreclosure sale

SUPREME COURT
OF
NEVADA

(O) 1947A

or the trustee's sale . . . ." (emphasis added).[2] An application for a deficiency judgment must be in writing, "set forth in particularity the grounds for the [deficiency] application, set forth the relief sought" and be filed within six months after the foreclosure sale. *Walters v. Dist. Ct.*, 127 Nev. __, __, 263 P.3d 231, 234 (2011).

In *Walters,* we considered whether a guarantor who waived the one-action rule (as set forth in NRS 40.430) was entitled to mandamus relief requiring the district court to grant the guarantor's motion for partial summary judgment. *Id.* at __, 263 P.2d at 232. The guarantor argued that the lender "failed to apply for a deficiency judgment within six months" after the date of the foreclosure sale or the trustee's sale held pursuant to NRS 40.455(1). *Id.* at __, 263 P.2d at 233. We concluded that the trustee's sale, "[u]nder the clear and unambiguous language of NRS 40.455(1), an application must be made within six months . . . ." *Id.* at __, 263 P.2d at 234. We further concluded that the lender complied with the six month limitation period. *Id.*

BB&T argues that its complaint satisfied the statutory time requirement because the complaint notified Lavi that BB&T would seek a deficiency judgment and it was filed prior to the foreclosure sale; thus, before the NRS 40.455(1) six month statute of limitations expired. We disagree.[3]

---

[2]The deficiency judgment statutes are applicable to actions on guaranty contracts. *See, First Interstate Bank v. Shields,* 102 Nev. 616, 730 P.2d 429 (1986).

[3]We find no support for the dissent's interpretation of NRS 40.495(2). No authority states that claims filed under NRS 40.495(2) are exempt from NRS 40.455(1)'s requirements. Further, NRS 40.495(3) explicitly states: "[i]f an obligee maintains an action to foreclose or

*continued on next page...*

BB&T's complaint failed to meet the NRS 40.455(1) requirements because it did not particularize its reasons for the deficiency application and it was filed before the foreclosure sale. Further, BB&T's summary judgment motion did not satisfy the NRS 40.455(1) requirements because it was filed 11 months after the foreclosure sale; therefore, it was untimely. Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its partial summary judgment in favor of BB&T, and instead deny BB&T's motion for partial summary judgment and grant Lavi's countermotion for summary judgment.[4]

_____, J.
Gibbons

_____, J.          _____, J.
Parraguirre                           Douglas

_____, J.          _____, J.
Cherry                                Saitta

_____

...*continued*

otherwise enforce a mortgage or lien and the indebtedness or obligations secured thereby, the guarantor . . . may assert *any* legal or equitable defenses provided pursuant to the provisions of NRS 40.451 to 40.4639, inclusive." (emphasis added).

[4]In light of this order we deny as moot the alternative request for a writ of prohibition. Further, we lift the stay of district court proceedings entered by this court on August 25, 2011.

cc:    Hon. Valerie Adair, District Judge
        Marquis Aurbach Coffing
        Baker & Hostetler LLP
        Sylvester & Polednak, Ltd.
        Eighth District Court Clerk

PICKERING, C.J., with whom HARDESTY, J., agrees, dissenting:

I respectfully dissent.

The written guaranty that Lavi signed states that "Guarantor waives: . . . (b) Any right it may have to require Bank to proceed against Borrower, proceed against or exhaust any security held by Borrower or Bank, or pursue any other remedy in Bank's power to pursue; [and] (h) To the extent permitted in paragraph 40.495(2) of the Nevada Revised Statutes ("NRS"), the benefits of the one-action rule under NRS Section 40.430." These waivers gave the bank the authority, under NRS 40.495(2), to sue Lavi on the guaranty "separately and independently from" the proceedings, if any, the bank might initiate against the borrower on the note and deed of trust. NRS 40.495(2) expressly so provides:

> [A] guarantor . . . may waive the provisions of NRS 40.430. *If a guarantor . . . waives the provisions of NRS 40.430, an action for the enforcement of that person's obligation to pay, satisfy or purchase all or part of an indebtedness or obligation secured by a mortgage or lien upon real property may be maintained separately and independently from:*
>
> (a) An action on the debt;
>
> (b) *The exercise of any power of sale;*
>
> (c) Any action to foreclose or otherwise enforce a mortgage or lien and the indebtedness or obligations secured thereby; and
>
> (d) *Any other proceeding against a mortgagor or grantor of a deed of trust.*

(Emphasis added.)

The bank's suit against Lavi was properly brought under NRS 40.495(2). Having properly brought the suit, the bank was entitled to "maintain[ ]" the action "separately and independently from" the proceedings, if any, it might take against the borrower on the note and

proceedings, if any, it might take against the borrower on the note and deed of trust. If the bank had recovered all of the debt by judgment against Lavi, then Lavi would have succeeded to the bank's position vis-à-vis the note and deed of trust. *See* NRS 40.475. Here, however, because the bank sued Lavi on the guaranty and thereafter foreclosed, without first reducing its claim against Lavi to judgment, the majority exonerates Lavi from his obligations on the guaranty. This effectively reads "separately and independently" out of NRS 40.495(2). Indeed, Lavi recognized the bank's entitlement to proceed as it did when, anticipating an eventual foreclosure of the deed of trust, he asserted offset as an affirmative defense. The bank is not entitled to a double recovery, *Elyousef v. O'Reilly & Ferrario, LLC,* 126 Nev. ___, ___, 245 P.3d 547, 549 (2010), and Lavi is entitled to the offset he pleaded. What he is not entitled to, given his waiver of the one-action rule and its associated protections, is to escape the obligation he contractually undertook.

At oral argument, Lavi conceded that the pleadings as framed would have entitled the bank to proceed against Lavi had they been filed within 6 months after, instead of before, the foreclosure sale. This anomaly of a suit being adequate in every way except that it was brought too early could be avoided by recognizing that the waiver in this case puts the proceeding under NRS 40.495(2) and takes it outside NRS 40.455, on which the majority relies. This reading also fits with NRS 40.495(4) which, although added to the NRS after the proceedings in this case, 2011 Nev. Stat., ch. 311, § 5.5, at 1743-44, addresses the precise situation presented here of a suit against a guarantor being filed before or in the absence of proceedings against the security, making "the date of the commencement of the action" the date on which the fair market value of

the security is to be determined for purposes of establishing offset. This provision makes no sense if, as the majority holds, NRS 40.455(1) controls suits against guarantors who, like Lavi, waived the protections of NRS 40.430 pursuant to NRS 40.495(2).

Lavi does not meet the bank on the merits of its waiver argument. He quotes language from NRS 40.453 to the effect that, "It is hereby declared by the Legislature to be against public policy for any document relating to the sale of real property to contain any provision whereby a mortgagor or the grantor of a deed of trust or a guarantor or surety of the indebtedness secured thereby, waives any right secured to the person by the laws of this state." However, he omits the lead-in language to NRS 40.453: *"Except as otherwise provided in NRS 40.495."* (Emphasis added.) Here, in permitting waivers by guarantors of NRS 40.430 and providing for suits against them to be maintained "separately and independently" from the proceedings, if any, against the borrower, NRS 40.495(2) "otherwise provide[s]." Thus, NRS 40.453 does not apply.

Our decision in *Walters v. District Court*, 127 Nev. ___, 263 P.3d 231 (2011), does not control. *Walters* expressly did *not* decide waiver, since the case was able to be resolved, favorably to the lender, without reaching the issue. *Id.* at ___ n.4, 263 P.3d at 233 n.4. While the majority notes that Walters was a guarantor who waived the one-action rule, it is clear that the fact of his waiver was not essential to our determination that the lender satisfied the 6-month requirement. In a footnote, the majority offers criticism for the dissent's interpretation of NRS 40.495(2), but the order offers no explanation for the application of the provision in NRS 40.430(1) that a waiver of the one-action rule under NRS 40.495(2) terminates the application of NRS 40.455(1)'s 6-month rule. Given the

reservation of the waiver issue in *Walters* and the absence of any analysis by the majority of the relationship between NRS 40.495(2), NRS 40.430(1) and NRS 40.455(1), I believe this Courts' Internal Operating Procedures require that this case be resolved as an opinion. *See* Internal Operating Procedures Rule 9(a).

Mandamus ordinarily does not lie to review partial summary judgment determinations, particularly where, as here, the legal issue presented is not deemed sufficiently significant to merit disposition by published opinion. *Cf. Friedman v. Dist. Ct.*, 127 Nev. ___, ___, 264 P.3d 1161, 1169, 127 Nev. ___, ___ (2011); *Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 604, 637 P.2d 534, 536 (1981). If we are going to entertain this petition for a writ of mandamus at all, I would reach the waiver question reserved in *Walters*, and resolve it as outlined above.

_____, C.J.
Pickering

I concur:

_____, J.
Hardesty