131 Nev., Advance Opinion 72

# IN THE SUPREME COURT OF THE STATE OF NEVADA

SUSAN MARDIAN; AND LEONARD
MARDIAN,
Appellants,
vs.
MICHAEL AND WENDY GREENBERG
FAMILY TRUST,
Respondent.

No. 62061



FILED

SEP 24 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from a district court judgment in a deficiency action.
Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

*Reversed.*

Hutchison & Steffen, LLC, and Michael K. Wall, Cami M. Perkins, and
Tanya S. Gaylord, Las Vegas,
for Appellants.

Fredrickson, Mazeika & Grant and Tomas V. Mazeika and Matthew D.
Peterdy, Las Vegas,
for Respondent.

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, CHERRY, J.:

This is an appeal from a district court judgment in a real
property deficiency action. Appellants Susan and Leonard Mardian (the

SUPREME COURT
OF
NEVADA

(O) 1947A

2/8/16: Corrected per letter to publishers. CT

15-28856

Mardians) guaranteed a promissory note executed in favor of respondents Michael and Wendy Greenberg Family Trust (Greenberg), which was secured by land in Arizona. The documents for the transaction were executed in Nevada and contained a Nevada choice-of-law provision. After default on the promissory note, Greenberg filed a complaint in Nevada and then initiated a foreclosure sale in Arizona. Nine months later, Greenberg sought a deficiency judgment on the guaranty through its initially filed complaint. The district court found that, because the foreclosure was in Arizona but the proceedings took place in Nevada, neither Nevada's nor Arizona's time limit for seeking a deficiency judgment applied and the deficiency action could proceed. We conclude that the district court erred when it found that neither the Nevada nor the Arizona limitations period applied. Because of the choice-of-law provision in the promissory note, the contract is governed by Nevada law. We also conclude that the district court erred when it denied appellants' motion to dismiss the complaint as time-barred because the Greenbergs did not apply for a judgment within the limitations period under NRS 40.455(1).

### FACTS AND PROCEDURAL HISTORY

In September 2007, Joshua Tree, LLC, executed a promissory note in the amount of $1,100,000 in favor of respondent Michael and Wendy Greenberg Family Trust (Greenberg). The note was secured by a deed of trust encumbering 280 acres of undeveloped real property located in Arizona, and also by personal guaranties, each for the full amount of the note, from appellants Susan Mardian and Leonard Mardian. Both guaranties stated that they were governed by Nevada law and waived the one-action rule found in NRS 40.430.

The parties agree that Joshua Tree defaulted on the loan and the guaranties were not upheld. In March 2009, Greenberg filed a complaint against the Mardians for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. Greenberg then initiated foreclosure proceedings. A month later, Greenberg purchased the property at auction for $37,617. The property was then relisted for sale at $2,520,000. The price was subsequently reduced and, at the time this appeal was filed, the property had not yet sold.

In December 2009, the Mardians moved the district court to dismiss the underlying complaint for the entire amount due under the promissory note or, alternatively, for summary judgment because a deficiency application for the balance due on the loan was time-barred. Greenberg opposed the motion. At a hearing, the district court determined that it would not apply the limitations period in NRS 40.455 because the property was located in Arizona and sold pursuant to Arizona law, not Nevada law. Therefore, the district court indicated, neither Arizona's nor Nevada's limitations period applied. The court later entered an order denying the Mardians' motion.

The Mardians again moved for summary judgment in January 2012, which Greenberg opposed. At the hearing on that motion, a different district court judge stated that "the problem I have here is that we do have law of the case and we don't know why [the prior judge] ruled the way that she ruled, but it's her ruling." The district court then entered an order denying summary judgment, concluding that the motion for summary judgment was based on the same issues as the Mardians' previously denied motion.

Following a bench trial, the district court found that the Mardians owed $1,279,224 under the promissory note and that the fair market value of the property at the time of its sale was $350,000. Thus, the court determined that adding interest to the default amount while reducing it by the fair market value of the property resulted in a deficiency totaling $929,224. Judgment was entered in Greenberg's favor for that amount. The Mardians appealed.

## DISCUSSION

### Standard of review

The Mardians argue that the statute of limitations applies regardless of whether the foreclosure was conducted pursuant to NRS 107.080 or pursuant to foreign law. Greenberg argues that NRS 40.455 encompasses only judicial foreclosures under NRS 40.430 or nonjudicial foreclosures under NRS 107.080. Greenberg asserts that because the property was in Arizona, it could not utilize the NRS 40.430 foreclosure process or the NRS Chapter 107 trustee's sale process and instead needed to initiate separate proceedings in Arizona.

Although a district court's order denying summary judgment is not independently appealable, "where a party properly raises the issue on appeal from the final judgment, this court will review the decision de novo." *Cromer v. Wilson*, 126 Nev. 106, 109, 225 P.3d 788, 790 (2010). Summary judgment is proper only if, when considering the evidence "in a light most favorable to the nonmoving party," no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. *Wood v. Safeway*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005).

Issues of law, including statutory interpretation, are also reviewed de novo. *Cromer*, 126 Nev. at 109, 225 P.3d at 790. When a statute's language is unambiguous, this court does not resort to the rules of construction and will give that language its plain meaning. *Id.* "[T]his court has a duty to construe statutes as a whole, so that all provisions are considered together and, to the extent practicable, reconciled and harmonized." *Id.* at 110, 225 P.3d at 790. Generally, statutes should not be interpreted to "render[ ] language meaningless or superfluous." *In re Parental Rights as to S.M.M.D.*, 128 Nev., Adv. Op. 2, 272 P.3d 126, 132 (2012) (internal quotations omitted). Moreover, "[w]e presume that a statute does not modify common law unless such intent is explicitly stated." *Branch Banking v. Windhaven & Tollway, LLC*, 131 Nev., Adv. Op. 20, 347 P.3d 1038, 1040 (2015).

*Choice-of-law provision*

While the arguments made by the parties focus on Nevada law, the issue of whether the Arizona law should have been applied must also be addressed. In this regard, Greenberg avers that it would not have been appropriate for the district court to apply the Arizona limitation period for foreclosures to the personal action commenced in Nevada because the guaranties specify that they are governed by Nevada law. We agree and conclude that because of the choice-of-law provision, Nevada law—particularly Nevada's limitations period, *see* NRS 40.455(1)—applies in this case. *See Key Bank of Alaska v. Donnels*, 106 Nev. 49, 52, 787 P.2d 382, 384 (1990) (concluding that where there was "no evidence or argument . . . regarding bad faith or evasion of Nevada law, the provision designating Alaska law in the promissory note [was] valid"). Having

concluded that Nevada's deficiency statutes apply, we turn to the parties' arguments concerning the deficiency application.

*Application of NRS 40.455(1)*[1]

In this case, the Mardians are the guarantors of Joshua Tree's promissory note, which was held by Greenberg and which was secured by the Arizona real property. Although Greenberg sued the Mardians on their guaranties, we have previously held that Nevada's deficiency judgment statutes are applicable to actions on guaranty contracts when the underlying note is secured by real property. *First Interstate Bank of Nev. v. Shields*, 102 Nev. 616, 621, 730 P.2d 429, 432 (1986). Thus, in order to proceed against the Mardians on their guaranties, Greenberg was required to comply with Nevada's deficiency statutes.

We first consider the parties' contentions regarding whether NRS 40.455(1) permits deficiency judgments in Nevada when the property foreclosed upon was in another state. NRS 40.455(1) provides:

> Except as otherwise provided in subsection 3, upon application of the judgment creditor or the beneficiary of the deed of trust within 6 months *after the date of the foreclosure sale or the trustee's sale held pursuant to NRS 107.080, respectively,* and after the required hearing, the court shall award a deficiency judgment to the judgment creditor or the beneficiary of the deed of trust . . . .

---

[1]The 2015 Legislature amended NRS 40.455 and related statutes. S.B. 453, 78th Leg. (Nev. 2015) (effective Oct. 1, 2015). This appeal is governed by the pre-amendment version of NRS 40.455, *see* NRS 40.455 (2009), and all references herein to NRS 40.455 are to the pre-amendment version.

NRS 40.455(1) (emphasis added). "NRS 40.455(1) is an anti-deficiency statute that derogates from the common law, and this court construes such provisions narrowly, in favor of deficiency judgments." *Branch Banking*, 131 Nev., Adv. Op. 20, 347 P.3d at 1041 (internal quotations omitted).

In *Branch Banking*, we considered "whether NRS 40.455(1) precludes a deficiency judgment when the beneficiary nonjudicially forecloses upon property located in another state and the foreclosure is conducted pursuant to that state's laws instead of NRS 107.080." *Id.* at 1039. In that case, a note with a Nevada choice-of-law provision was secured by real property in Texas. *Id.* After default, the lender sold the property at a Texas nonjudicial foreclosure sale and then sought a deficiency judgment in Nevada. *Id.* We concluded that NRS 40.455(1) "does not . . . preclude[ ] deficiency judgments arising from nonjudicial foreclosure sales held in another state." *Id.* at 1041.

In this case, it is unclear whether Greenberg proceeded via a judicial or nonjudicial foreclosure sale against the Arizona property. However, the distinction is irrelevant. We held in *Branch Banking* that a lender who had proceeded via nonjudicial foreclosure in another state could seek a deficiency judgment in Nevada under NRS 40.455(1). *Id.* We also held in *Branch Banking* that "the foreclosure sale described [in NRS 40.455(1)] is a judicial foreclosure," and we further held that, as in the nonjudicial context, NRS 40.455(1) does not contain limiting language precluding deficiency judgments arising from judicial foreclosure sales held in another state. *Id.* ("NRS 40.455(1) . . . does not indicate that it precludes deficiency judgments arising from nonjudicial foreclosure sales held in another state."). Accordingly, NRS 40.455(1) is not a bar to

 

Greenberg seeking a deficiency judgment from the Mardians solely because Greenberg foreclosed on real property in Arizona.

Next, we turn to the Mardians' contention that NRS 40.455(1) required Greenberg to file an "application" for a deficiency judgment "within 6 months after the date of the foreclosure sale." We have previously addressed the six-month limitation period and what is required of an application for a deficiency judgment in *Walters v. Eighth Judicial District Court*, 127 Nev., Adv. Op. 66, 263 P.3d 231 (2011), and *Lavi v. Eighth Judicial District Court*, 130 Nev., Adv. Op. 38, 325 P.3d 1265 (2014).

In *Walters*, we considered the requisite form of a deficiency judgment application under NRS 40.455(1) and held that the motion for summary judgment constituted such an application "because it was made in writing, set forth in particularity the grounds for the application, and set forth the relief sought" in accordance with NRCP 7(b)(1).[2] *Walters*, 127 Nev., Adv. Op. 66, 263 P.3d at 234. Because the lender filed its motion for summary judgment within six months of the foreclosure, we concluded that the lender was not time-barred from seeking a deficiency judgment. *Id.*

---

[2]NRCP 7(b)(1) states that

> [a]n application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefore, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

In *Lavi*, a lender filed suit against the guarantor after the borrower defaulted on the loan. 130 Nev., Adv. Op. 38, 325 P.3d at 1266. Almost one year after the foreclosure sale, the lender filed a motion for summary judgment to recover the deficiency. *Id.* at 1267. The guarantor responded by filing a countermotion for summary judgment, arguing that NRS 40.455 precluded the lender from any recovery because the lender did not apply for a deficiency judgment within six months of the foreclosure sale. *Id.* The district court concluded that the lender was not barred from seeking a deficiency judgment because the lender "sufficiently notified" the guarantor of its intent to pursue a judgment. *Id.* On appeal, we concluded that when the guarantor waived the one-action rule, the lender "was allowed to bring an action against [the guarantor] prior to completing the foreclosure on the secured property, but that waiver did not terminate the procedural requirements for asserting that separate action" within six months of the foreclosure sale. *Id.*

Here, the promissory note is governed by Nevada law, despite the location of the collateral property, so Greenberg was required to make its application pursuant to NRS 40.455(1). We conclude that it failed to comply with NRS 40.455(1) because it did not apply for a deficiency judgment within six months of the foreclosure sale. Therefore, the district court erred when it denied the Mardians' motion for summary

judgment, and we reverse both the district court's judgment in favor of Greenberg and the district court's order denying the Mardians' motion for summary judgment.[3]

_____, J.
Cherry

We concur:

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

---

[3]We have considered respondent's other arguments and conclude that they lack merit. Furthermore, we conclude that the parties' remaining arguments are moot and decline to consider them. *Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010) (indicating that this court will generally not consider moot issues).

SUPREME COURT
OF
NEVADA

(O) 1947A