# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| DR. SAMIR S. BANGALORE, M.D., Petitioner, vs. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE ALLAN R. EARL, DISTRICT JUDGE, Respondents, and FELICIA WILLIAMS; AND DR. TIEN CHANG WANG, M.D., Real Parties in Interest. | No. 65877 **FILED** AUG 0 2 2016 TRACIE K. LINDEMAN CLERK OF SUPREME COURT BY S. Young DEPUTY CLERK |
| DR. TIEN CHANG WANG, M.D., Petitioner, vs. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE ALLAN R. EARL, DISTRICT JUDGE, Respondents, and FELICIA WILLIAMS; AND DR. SAMIR S. BANGALORE, M.D., Real Parties in Interest. | No. 66353 |

## ORDER GRANTING PETITION

These consolidated original petitions for writs of mandamus or prohibition challenge the district court's orders denying petitioners' motions for summary judgment on medical battery and assault claims

SUPREME COURT OF NEVADA

(O) 1947A

16-23872

raised by real party in interest Felicia Williams.[1] Williams filed her complaint against petitioners Dr. Samir Bangalore and Dr. Tien Chang Wang, but she did not file an expert affidavit pursuant to NRS 41A.071.[2]

This court has original jurisdiction to grant extraordinary writ relief. *MountainView Hosp., Inc. v. Eighth Judicial Dist. Court*, 128 Nev. 180, 184, 273 P.3d 861, 864 (2012); *see also* Nev. Const. art. 6, § 4. Writ relief is an extraordinary remedy, and this court will exercise its discretionary authority to consider a petition "when there is no plain, speedy, and adequate remedy in the ordinary course of law." *Cheung v. Eighth Judicial Dist. Court*, 121 Nev. 867, 869, 124 P.3d 550, 552 (2005) (internal quotations omitted); *see also* NRS 34.170. "This court will only consider writ petitions challenging a district court denial of a motion for summary judgment when no factual dispute exists and summary judgment is clearly required by a statute or rule, or an important issue of law requires clarification." *Walters v. Eighth Judicial Dist. Court*, 127 Nev. 723, 727, 263 P.3d 231, 234 (2011). Here, because no factual dispute

---

[1]A writ of prohibition is appropriate when a district court acts without or in excess of its jurisdiction. NRS 34.320. We conclude, however, that a writ of prohibition is improper here because the district court had jurisdiction to hear and determine the motions for summary judgment pursuant to NRCP 56. *See Goicoechea v. Fourth Judicial Dist. Court*, 96 Nev. 287, 289, 607 P.2d 1140, 1141 (1980) (stating that this court will not issue a writ of prohibition "if the court sought to be restrained had jurisdiction to hear and determine the matter under consideration").

[2]The Legislature amended NRS 41A.071 during the 2015 legislative session. 2015 Nev. Stat., ch. 439, § 6, at 2527. Any discussion in this order related to this statute refers to the 2002 version of the statute in effect at the time of the cause of action.

exists regarding the doctors' lack of intent to commit battery and summary judgment was required as a matter of law, we exercise our discretion and consider these writ petitions.

We recently concluded in *Humboldt General Hospital v. Sixth Judicial District Court*, 132 Nev., Adv. Op. ___, ___ P.3d ___ (2016), that a battery claim based on an allegation of a lack of informed consent requires an expert affidavit pursuant to NRS 41A.071, unless a plaintiff has established that there was a complete lack of consent for the treatment or procedure performed.

Williams alleged in her complaint that she did not consent to the procedures performed because her employer forced her to go to the hospital. In opposing summary judgment, Williams presented testimony from a non-medical expert who opined that her signature was forged on the consent forms required to be signed prior to admission into the hospital.[3] Consistent with our holding in *Humboldt*, because Williams' battery claim involved a complete lack of consent, a medical expert affidavit was not required. Thus, we conclude that the district court properly determined that summary judgment was not appropriate on the consent issue because a question of fact remains regarding the consent forms. *See* NRS 41A.110.

However, for Williams to survive summary judgment, a question of fact involving the common law elements of battery must also be present. "A battery is an intentional and offensive touching of a person who has not consented to the touching." *Conte v. Girard Orthopaedic*

---

[3]There is nothing in the record to suggest that Dr. Wang or Dr. Bangalore was involved in or aware of the potentially forged signature.

*Surgeons Med. Grp. Inc.*, 132 Cal. Rptr. 2d 855, 859 (Ct. App. 2003); *see also Piedra v. Dugan*, 21 Cal. Rptr. 3d 36, 48 (2004) (stating that common law battery requires "an act which resulted in a harmful or offensive contact") (internal quotations omitted). "When a motion for summary judgment is made and supported as required by NRCP 56, the non-moving party may not rest upon general allegations and conclusions, but must, by affidavit or otherwise, set forth specific facts demonstrating the existence of a genuine factual issue." *Pegasus v. Reno Newspapers, Inc.*, 118 Nev. 706, 713, 57 P.3d 82, 87 (2002).

While the complaint generally alleges that the doctors unlawfully touched her, Williams points to nothing in the record before us to demonstrate that either doctor touched her in a harmful or offensive manner without her consent. In fact, Williams testified in her deposition that she never objected to Dr. Wang ordering a blood test or otherwise treating her. Instead, she acknowledged that she wanted Dr. Wang to examine her to prove to her employer that she was not under the influence of drugs, and she was aware that Dr. Wang was going to contact Dr. Bangalore to discuss the incident and her medical history and did not object. Furthermore, Dr. Wang testified at his deposition that he was not aware that Williams was brought to the emergency room for an employee drug test by her supervisor, or that she felt compelled to stay there.

The record further shows that Dr. Bangalore did not speak to or touch Williams until the follow-up appointment a week later, where Williams still did not express any criticism over the care she received. Under an agency battery theory, a principal can only be liable if the agent is first "liable for unlawful acts." *Watkins v. Cleveland Clinic Found.*, 719 N.E.2d 1052, 1064 (1998). Here, because Williams failed to demonstrate

the elements of battery by Dr. Wang, Dr. Bangalore cannot be liable. Thus, Williams has failed to "set forth specific facts demonstrating the existence of a genuine factual issue," *Pegasus*, 118 Nev. at 713, 57 P.3d at 87, regarding whether she was touched in a harmful or offensive manner without consent by either doctor, *see Piedra*, 21 Cal. Rptr. 3d at 48. Therefore, we conclude that the district court erred in denying summary judgment in favor of Bangalore and Wang. Accordingly, we

ORDER the petitions GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to enter summary judgment on behalf of Bangalore and Wang.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

_____, J.
Pickering

cc:    Hon. Allan R. Earl, District Judge
       John H. Cotton & Associates, Ltd.
       Hall Prangle & Schoonveld, LLC/Las Vegas
       Mary F. Chapman
       Eighth District Court Clerk