# IN THE SUPREME COURT OF THE STATE OF NEVADA

NURI MOHSENIN, INDIVIDUALLY,
Appellant,
vs.
2010-1 CRE NV-OFFICE, LLC,
Respondent.

No. 69474

FILED

DEC 1 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment in a deficiency action. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

Appellant preliminarily challenges the district court's refusal to strike respondent's amended complaint. Appellant raises various arguments in this respect.[1] First, appellant contends that the underlying proceedings had effectively ended before respondent filed the amended complaint and that the district court therefore lacked jurisdiction to entertain the amended complaint. We disagree. *Ogawa v. Ogawa*, 125 Nev. 660, 667, 221 P.3d 699, 704 (2009) ("Subject matter jurisdiction is a question of law subject to de novo review."). Although the amended complaint was filed after the district court's oral ruling purporting to terminate the receivership proceedings, it was filed before entry of the August 19, 2013,

---

[1]To the extent that this disposition does not expressly address appellant's arguments, we conclude that those arguments do not warrant reversal of the district court's judgment. Although respondent's assignor did not file a motion to substitute as contemplated under NRCP 25(c) when respondent filed the amended complaint, we are not persuaded that this shortcoming deprived the district court of subject matter jurisdiction.

written order memorializing that oral ruling.[2] *See Rust v. Clark Cty. Sch. Dist.*, 103 Nev. 686, 688-89, 747 P.2d 1380, 1381-82 (1987). Because the written order did not resolve the claims in respondent's amended complaint, that order necessarily could not have constituted a final judgment. *See Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) ("To be final, an order or judgment must dispose of all the issues presented in the case, and leave nothing for the future consideration of the court, except for post-judgment issues such as attorney's fees and costs." (quotation and alterations omitted)).[3]

Next, appellant contends that respondent needed to move to file a supplemental pleading under NRCP 15(d) because the amended complaint included a claim for a deficiency judgment, which accrued after the original complaint was filed. However, the district court recognized that the amended complaint also included other claims (e.g., breach of contract) that had accrued at the time the original complaint was filed such that NRCP 15(d) was not implicated as to those claims. Appellant has not provided any authority to support its argument that NRCP 15(d) is implicated in a mixed-accrual scenario as is the case here, and given that respondent did not need to assert a formal "claim" for a deficiency judgment, *see Walters v. Eighth Judicial Dist. Court*, 127 Nev. 723, 728, 263 P.3d 231,

---

[2]Even the written order does not appear to terminate the case, as the district court purported to "retain[ ] jurisdiction of this matter, CRE and its successors in interest, for purposes of enforcing this Order."

[3]To the extent that appellant contends that the August 27, 2013, order had any legal effect, that contention fails. *See Brown*, 129 Nev. at 347, 301 P.3d at 852 (concluding that when there is no actual final judgment, there is no basis for an order statistically closing a case).

234 (2011),[4] we conclude that respondent did not need the district court's permission under NRCP 15(d) to file the amended complaint. Consequently, the district court retained jurisdiction to entertain the amended complaint. *Ogawa*, 125 Nev. at 667, 221 P.3d at 704.

Appellant lastly contends that the district court erroneously refused to afford appellant the benefit of NRS 40.459(1)(c) (2011)'s deficiency judgment limitation. We disagree. *Nanopierce Techs., Inc. v. Depository Trust & Clearing Corp.*, 123 Nev. 362, 370, 168 P.3d 73, 79 (2007) ("Whether state law is preempted by a federal statute or regulation is a question of law, subject to our de novo review." (citation omitted)). The district court recognized that although respondent did not obtain its interest in the loan directly from the FDIC, the FDIC's Operating Agreement with respondent's assignor required the loan to be assigned to an Ownership Entity (here, respondent) once foreclosure proceedings were instituted. Based on the district court's interpretation of the Operating Agreement, it determined that this case was controlled by *Munoz v. Branch Banking & Trust Co.*, 131 Nev., Adv. Op. 23, 348 P.3d 689, 692-93 (2015), which held that NRS 40.459(1)(c) (2011) is preempted by the Financial Institutions Reform, Recovery and Enforcement Act whenever applying NRS 40.459(1)(c) (2011)'s deficiency judgment limitation would frustrate FIRREA's purpose. Appellant does not contest the district court's interpretation of the Operating Agreement, nor does appellant address whether FIRREA's purpose was frustrated under that interpretation.

---

[4]We note that respondent's November 20, 2013, Application for Deficiency satisfied *Walters'* definition of an "application" for a deficiency judgment. *See* 127 Nev. at 728, 263 P.3d at 243. We further note that the Application was filed within six months of the foreclosure sale in compliance with NRS 40.455(1) (2009).

SUPREME COURT
OF
NEVADA

(O) 1947A

Having independently reviewed the Operating Agreement, we believe that the district court's interpretation and its application of *Munoz* to the facts of this case is supportable. Accordingly, we conclude that the district court correctly determined NRS 40.459(1)(c) (2011) was preempted and properly refused to afford appellant the benefit of NRS 40.459(1)(c) (2011)'s deficiency judgment limitation. *Nanopierce Techs.*, 123 Nev. at 370, 168 P.3d at 79. In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:  Hon. Nancy L. Allf, District Judge
Stephen E. Haberfeld, Settlement Judge
Andersen & Broyles, LLP
Smith Larsen & Wixom
Eighth District Court Clerk