KEVIN P. BONICAMP, APPELLANT, v. BENNY VAZQUEZ; JUDITH VAZQUEZ; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, A DELAWARE CORPORATION; THE ESTATE OF MAX MARK MEAD AND THE ESTATE OF SHIRLEY SHARNA MEAD, RESPONDENTS.

No. 40332

June 10, 2004                                          91 P.3d 584

*Clark & Richards* and *Gordon C. Richards,* Las Vegas, for Appellant.

*Gerrard Cox & Larsen* and *Douglas D. Gerrard* and *Benjamin D. Johnson,* Las Vegas, for Respondents Benny Vazquez, Judith Vazquez and Mortgage Electronic Registration Systems.

*Jolley Urga Wirth & Woodbury* and *Natalie M. Cox,* Las Vegas, for Respondents the Estate of Max Mark Mead and the Estate of Shirley Sharna Mead.

Before ROSE, MAUPIN and DOUGLAS, JJ.

# OPINION

By the Court, MAUPIN, J.:

In this appeal, we consider whether the district court erroneously awarded judgment to respondents under NRS 40.430, Nevada's one-action rule. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

Prior to their deaths, Max and Shirley Mead became indebted to appellant Kevin P. Bonicamp, in connection with a Colorado bail bonding arrangement made on behalf of their daughter. Mr. and Mrs. Mead later secured their obligation with a deed of trust on residential real estate located in Nevada.

At some point, the Meads breached various provisions of the bonding agreement with Bonicamp, and Bonicamp obtained a personal default judgment in Colorado against them in the amount of $71,658.39. Mr. Mead then transferred his interest in the collateral to respondents Benny and Judith Vazquez, who ultimately encumbered the property further, via another deed of trust, with respondent Mortgage Electronic Registration Systems (MERS).[1] Thereafter, Bonicamp domesticated the Colorado judgment in Nevada and commenced the Nevada judicial foreclosure proceedings below against Mr. and Mrs. Mead's estates, Mr. and Mrs. Vazquez and MERS. The district court granted judgment on the pleadings[2] as to all defendants under the Nevada one-action rule, NRS 40.430, which requires that creditors seeking to enforce obligations secured by real property do so in a single action.[3] Bonicamp timely initiated this appeal.

## DISCUSSION

An order granting judgment on the pleadings under NRCP 12(c) is appropriate only when material facts are not in dispute and the movant is entitled to judgment as a matter of law.[4] The facts in this case are undisputed concerning the creation of the debt in Colorado secured by a personal residence in Nevada, Bonicamp's recovery of a default judgment in Colorado and his subsequent attempt at re-

---

[1]Mr. and Mrs. Vazquez, their lenders and/or the title company evidently overlooked the Bonicamp trust deed.

[2]See NRCP 12(c).

[3]In light of its ruling, which we now affirm, it was unnecessary for the district court to resolve other issues litigated below by Mr. and Mrs. Vazquez and MERS.

[4]See Duff v. Lewis, 114 Nev. 564, 568, 958 P.2d 82, 85 (1998).

covering against the security in the Nevada action below. All of this is reflected in the pleadings before the district court. The only issue in this appeal is whether the district court correctly interpreted Nevada's one-action rule as codified in NRS 40.430(1) and (2):

> 1. . . . . [T]here may be but one action for the recovery of any debt, or for the enforcement of any right secured by a mortgage or other lien upon real estate. . . . In that action, the judgment must be rendered for the amount found due the plaintiff, and the court, by its decree or judgment, may direct a sale of the encumbered property, or such part thereof as is necessary, and apply the proceeds of the sale as provided in NRS 40.462.
>
> 2. This section must be construed to permit a secured creditor to realize upon the collateral for a debt or other obligation agreed upon by the debtor and creditor when the debt or other obligation was incurred.

The Nevada one-action rule requires a creditor seeking recovery on a debt to judicially foreclose on all real property encumbered as security for the debt, sue on the entire debt and obtain a deficiency judgment against the debtor in the same foreclosure action. The statute contemplates a creditor's action to exhaust the security before recovering from the debtor personally.[5] As a general matter, should the creditor fail to follow the single action procedure by bringing a separate action directly on the obligation, the one-action rule dictates the creditor's loss of rights in the real estate collateral securing the debt in question.[6]

Bonicamp brought two separate proceedings concerning the debt in question. The first action, brought in Colorado, resulted in a personal judgment against Mr. and Mrs. Mead. The second action, the instant matter below, sought judicial foreclosure on the collateral, pursuant to the deed of trust. NRS 40.430 required Bonicamp to first exhaust the security for the debt. Bonicamp's failure in this regard violates the one-action rule and, thus, effects a legal forfeiture of his rights in the collateral and his right to bring the second separate judicial foreclosure action in the State of Nevada.

Bonicamp contends that the Colorado litigation was not "an action" for the purpose of NRS 40.430. In this, he asserts that the proceeding in Colorado simply established the nature and extent of the obligation and that he has undertaken no collection efforts in

---

[5]*See Keever v. Nicholas Beers Co.,* 96 Nev. 509, 513, 611 P.2d 1079, 1082 (1980); *see also Nevada Wholesale Lumber v. Myers Realty,* 92 Nev. 24, 28, 544 P.2d 1204, 1207 (1976).

[6]*Nevada Wholesale Lumber,* 92 Nev. at 30, 544 P.2d at 1208.

Nevada in aid of the Colorado judgment. This argument is without merit. First, Bonicamp sought and obtained an award of damages in the Colorado action. Second, he domesticated the judgment in Nevada, entitling him to collect on the judgment under Nevada law. Third, the default judgment in this matter is an action under NRS 40.430.[7] Fourth, although NRS 40.430 does not specifically define the term ''action,'' NRS 40.430(4) enumerates sixteen acts that do not constitute a duplicative action under the statute.[8] A separate ac-

---

[7]*See generally id.* (entry of default judgment implicated the one-action rule).

[8]NRS 40.430(4) states:

> As used in this section, an ''action'' does not include any act or proceeding:

> (a) To appoint a receiver for, or obtain possession of, any real or personal collateral for the debt or as provided in NRS 32.015.

> (b) To enforce a security interest in, or the assignment of, any rents, issues, profits or other income of any real or personal property.

> (c) To enforce a mortgage or other lien upon any real or personal collateral located outside of the State which does not, except as required under the laws of that jurisdiction, result in a personal judgment against the debtor.

> (d) For the recovery of damages arising from the commission of a tort, including a recovery under NRS 40.750, or the recovery of any declaratory or equitable relief.

> (e) For the exercise of a power of sale pursuant to NRS 107.080.

> (f) For the exercise of any right or remedy authorized by chapter 104 of NRS or by the Uniform Commercial Code as enacted in any other state.

> (g) For the exercise of any right to set off, or to enforce a pledge in, a deposit account pursuant to a written agreement or pledge.

> (h) To draw under a letter of credit.

> (i) To enforce an agreement with a surety or guarantor if enforcement of the mortgage or other lien has been automatically stayed pursuant to 11 U.S.C. § 362 or pursuant to an order of a federal bankruptcy court under any other provision of the United States Bankruptcy Code for not less than 120 days following the mailing of notice to the surety or guarantor pursuant to subsection 1 of NRS 107.095.

> (j) To collect any debt, or enforce any right, secured by a mortgage or other lien on real property if the property has been sold to a person other than the creditor to satisfy, in whole or in part, a debt or other right secured by a senior mortgage or other senior lien on the property.

> (k) Relating to any proceeding in bankruptcy, including the filing of a proof of claim, seeking relief from an automatic stay and any other action to determine the amount or validity of a debt.

> (l) For filing a claim pursuant to chapter 147 of NRS or to enforce such a claim which has been disallowed.

> (m) Which does not include the collection of the debt or realization of the collateral securing the debt.

> (n) Pursuant to NRS 40.507 or 40.508.

> (o) Which is exempted from the provisions of this section by specific statute.

> (p) To recover costs of suit, costs and expenses of sale, attorneys' fees and other incidental relief in connection with any action authorized by this subsection.

tion on the debt commenced in another jurisdiction is not included. We therefore conclude that the Colorado litigation was an "action" for the purposes of the one-action rule.

Bonicamp claims entitlement to conversion of his Nevada action to conform to the one-action rule. Conversion is allowed under NRS 40.435(1) and (2) when the initial action has not been concluded:

> 1.  The commencement of or participation in a judicial proceeding in violation of NRS 40.430 does not forfeit any of the rights of a secured creditor in any real or personal collateral, or impair the ability of the creditor to realize upon any real or personal collateral, if the judicial proceeding is:
> (a) Stayed or dismissed before entry of a final judgment; or
> (b) Converted into an action which does not violate NRS 40.430.
> 2.  If the provisions of NRS 40.430 are timely interposed as an affirmative defense in such a judicial proceeding, upon the motion of any party to the proceeding the court shall:
> (a) Dismiss the proceeding without prejudice; or
> (b) Grant a continuance and order the amendment of the pleadings to convert the proceeding into an action which does not violate NRS 40.430.

The Colorado action implicates the one-action rule in this case. The judgment obtained in that action is final and cannot be converted.

Finally, Bonicamp maintains that the Mead Estates waived any benefit from Nevada's one-action rule by failing to assert it in the Colorado proceeding. We disagree. We have held that "[f]ailure to assert NRS 40.430 as an affirmative defense [in a separate action that violates NRS 40.430] does not result in a waiver of all protection under that statute and leaves the debtor or his successor in interest free to invoke the sanction aspect of the 'one-action' rule."[9] Going further, NRS 40.435(3) provides:

> The failure to interpose, before the entry of a final judgment, the provisions of NRS 40.430 as an affirmative defense in . . . a proceeding [that violates NRS 40.430] waives the defense in that proceeding. Such a failure does not affect the validity of the final judgment, but entry of the final judgment releases and discharges the mortgage or other lien.

Accordingly, NRS 40.430 does not provide a complete affirmative defense to a separate personal action on the debt, wherever com-

---

[9] *Nevada Wholesale Lumber,* 92 Nev. at 30, 544 P.2d at 1208.

menced. When raised, it can only be used to force the creditor to exhaust the security before entry of a deficiency judgment. Whether or not the debtor pleads violation of the one-action rule as an affirmative defense to the separate action, NRS 40.430 does not excuse the underlying debt. Rather, the one-action rule prohibits first seeking the personal recovery and then attempting, in an additional suit, to recover against the collateral. We hold that, under the circumstances presented, the district court correctly interpreted this rule against multiplicity of actions.

Because the Nevada one-action rule bars this action as a matter of law, we affirm the district court's order below.

ROSE and DOUGLAS, JJ., concur.