BASHAR AHMAD ELYOUSEF, AN INDIVIDUAL, APPELLANT, *v.* O'REILLY & FERRARIO, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND O'REILLY LAW GROUP, LLC, A NEVADA LIMITED LIABILITY COMPANY, RESPONDENTS.

No. 51925

November 18, 2010                    245 P.3d 547

*Steve T. Skivington*, Las Vegas, for Appellant.

*Thorndal, Armstrong, Delk, Balkenbush & Eisinger* and *Brian K. Terry* and *Kenneth R. Lund*, Las Vegas, for Respondents.

Before HARDESTY, DOUGLAS and PICKERING, JJ.

## OPINION

*Per Curiam:*

In this appeal, we consider whether the doctrines of double recovery and issue preclusion bar appellant Bashar Ahmad Elyousef from recovery against respondents O'Reilly & Ferrario, LLC, and O'Reilly Law Group, LLC (collectively, O'Reilly). In doing so, we expressly adopt the double recovery doctrine. We conclude that because both doctrines bar Elyousef's ability to recover, the district court appropriately granted summary judgment in O'Reilly's favor.

### I.

Elyousef, a client of the O'Reilly firm, entered into a business transaction with his attorney, C. Dean Homayouni, who was em-

ployed by O'Reilly during the early stages of the transaction. The transaction resulted in Homayouni obtaining Elyousef's interest in Nevada Oil and Land Development, LLC (NOLD), which in turn owns a gas station in Las Vegas. Homayouni left O'Reilly because the law firm opposed the transaction due to a conflict of interest between Homayouni and the firm's client, Elyousef.

When the business relationship soured, Homayouni sued Elyousef. Elyousef filed a counterclaim against Homayouni, alleging that Homayouni negligently caused him to lose his interest in NOLD. The district court awarded Elyousef $150,000 in damages plus $225,631.22 in costs and fees. Homayouni subsequently settled with Elyousef for $50,000 plus the return of his interest in NOLD. Elyousef then sued O'Reilly for breach of fiduciary duty, negligence and legal malpractice, negligent supervision, respondeat superior, breach of contract, and breach of implied covenant of good faith and fair dealing. The district court granted summary judgment in O'Reilly's favor, concluding that the doctrines of double recovery and issue preclusion barred Elyousef's ability to recover from O'Reilly. On appeal, Elyousef maintains that neither doctrine bars him from further recovery.

## II.

"We review an appeal from an order granting a motion for summary judgment de novo." *Sustainable Growth v. Jumpers, LLC*, 122 Nev. 53, 61, 128 P.3d 452, 458 (2006). Summary judgment is appropriate when the pleadings and other evidence, viewed in the light most favorable to the nonmoving party, demonstrate that no genuine issue as to any material fact remains and the moving party is entitled to judgment as a matter of law. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Additionally, whether the double recovery doctrine precludes a claim is a question of law we review de novo. *See, e.g.*, *Morley-Murphy Co. v. Zenith Electronics Corp.*, 142 F.3d 373, 378 (7th Cir. 1998); *Nevada Classified Sch. Emp. Ass'n v. Quaglia*, 124 Nev. 60, 63, 177 P.3d 509, 511 (2008). Summary judgment is appropriate where issue preclusion bars a claim. *Kahn v. Morse & Mowbray*, 121 Nev. 464, 474, 117 P.3d 227, 234 (2005).

## III.

Under the double recovery doctrine, "there can be only one recovery of damages for one wrong or injury." 25 C.J.S. *Damages* § 5 (2002) (citing *Brightheart v. McKay*, 420 F.2d 242 (D.C. Cir. 1969)). Thus, "[a] plaintiff may not recover damages twice for the same injury simply because he or she has two legal theories." *Id.* (citing *Greenwood Ranches, Inc. v. Skie Const. Co.*, 629 F.2d 518

(8th Cir. 1980)); *see also* 47 Am. Jur. 2d *Judgments* § 808 (2006) (noting the principle that an injured party should not be able to recover more than once for the same wrong); Restatement (Third) of Torts: Apportionment of Liability § 25 (2000) (setting forth that payment of full amount of damages satisfies plaintiff's rights against all tortfeasors for an indivisible injury).

We have previously applied the double recovery doctrine to prohibit a plaintiff's further recovery for the same injury. *See Phelps v. State Farm Mut. Auto. Ins.*, 112 Nev. 675, 680, 917 P.2d 944, 948 (1996) (requiring insurance carrier to pay for insured's already compensated damages would violate policy against double recovery); *see also Grosjean v. Imperial Palace*, 125 Nev. 349, 372, 212 P.3d 1068, 1084 (2009). In *Grosjean*, we recently held that the double recovery doctrine barred a plaintiff's state law tort claim when the plaintiff had already recovered for the same injuries on a federal § 1983 claim. We noted that when a plaintiff asserts claims under different legal theories, ''he or she is not entitled to a separate compensatory damage award under each legal theory.'' *Id.* at 372, 212 P.3d at 1084. Rather, ''the plaintiff is entitled to only one compensatory damage award on one or both theories of liability.'' *Id.*

Although we have applied the double recovery doctrine in prior cases, we have not expressly adopted it. We now take this opportunity to do so. Accordingly, we hold that a plaintiff can recover only once for a single injury even if the plaintiff asserts multiple legal theories. Thus, satisfaction of the plaintiff's damages for an injury bars further recovery for that injury.

Applying the doctrine to this case, Elyousef cannot recover from O'Reilly because he has already fully recovered through his settlement with Homayouni. Elyousef, however, argues that his judgment has not been fully satisfied because he only received $50,000 in the settlement. He therefore claims that he should be able to recover the remainder of his judgment and attorney fees from O'Reilly. Elyousef's argument fails to acknowledge that the settlement also restored his controlling interest in NOLD. In the record on appeal, he concedes that the NOLD property is valued at over $2 million.[1] Accordingly, the settlement with Homayouni

---

[1]Elyousef wrote a complaint letter against Homayouni to the Nevada State Bar. In this letter, Elyousef maintained that the NOLD property is worth between $2.3 and $2.4 million. The record on appeal includes multiple offers to purchase the NOLD property that support Elyousef's assertion. Neither in his opposition to O'Reilly's motion for summary judgment nor in his answering brief on appeal does he raise any argument suggesting a different calculation method or lower value.

fully satisfied the judgment, and Elyousef's further recovery would violate the double recovery doctrine.

Thus, the double recovery doctrine applies here because the judgment established total recoverable damages before settlement, and the settlement completely satisfied the judgment. Elyousef's suit against O'Reilly did not allege any different damages that would have allowed for further recovery. Thus, settlement prevents further recovery from another party for the same injury when the total amount of damages is established before settlement and the settlement fully satisfies those damages.

## IV.

Issue preclusion bars relitigation of an issue when all four of the following factors are satisfied: " '(1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) the initial ruling must have been on the merits and have become final; . . . (3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation'; and (4) the issue was actually and necessarily litigated." *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1055, 194 P.3d 709, 713 (2008) (alteration in original) (quoting *University of Nevada v. Tarkanian*, 110 Nev. 581, 598, 879 P.2d 1180, 1191 (1994)).

Here Elyousef seeks to relitigate the amount of damages he sustained when Homayouni obtained Elyousef's controlling interest in NOLD. All four of the issue preclusion factors are met in this case. First, the damages issue is identical to the damage issue in the initial litigation between Elyousef and Homayouni because both cases involve the same injury. Elyousef also does not argue that he suffered any injury other than damages from loss of his interest in NOLD. Second, the district court issued a final ruling on the merits in the first case and awarded Elyousef $150,000 plus attorney fees and costs. Third, the party against whom the judgment is asserted, Elyousef, was a party to the initial litigation. Finally, the damages issue was actually and necessarily litigated because the case proceeded to trial and the district court judge determined the amount of damages. Therefore, issue preclusion bars Elyousef from relitigating the amount of his damages for loss of his interest in NOLD.

Because Elyousef cannot recovery from O'Reilly as a matter of law, we affirm the district court's grant of summary judgment.