133 Nev., Advance Opinion 46

# IN THE SUPREME COURT OF THE STATE OF NEVADA

YACOV JACK HEFETZ,
Appellant,
vs.
CHRISTOPHER BEAVOR,
Respondent.

No. 70327



FILED

JUL 06 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order granting a motion to dismiss and awarding attorney fees in an action seeking to enforce a guaranty agreement. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

*Reversed and vacated in part.*

Cohen Johnson Parker Edwards and H. Stan Johnson, Chris Davis, and Michael V. Hughes, Las Vegas,
for Appellant.

Dickinson Wright PLLC and Joel Z. Schwarz, Gabriel A. Blumberg, and Taylor Anello, Las Vegas,
for Respondent.

BEFORE THE COURT EN BANC.

## OPINION

By the Court, STIGLICH, J.:

The one-action rule generally requires a creditor seeking to recover debt secured by real property to proceed against the security first

 
17-22227

prior to seeking recovery from the debtor personally. This opinion addresses whether the nonwaiver provisions of NRS 40.495(5) preclude a party from waiving the one-action rule by failing to assert it in his responsive pleadings. We hold that the one-action rule must be timely interposed as an affirmative defense in a party's responsive pleadings or it is waived. Because respondent Christopher Beavor failed to raise the one-action rule defense until prior to the commencement of the *second* trial in the case, the district court erred by granting his motion to dismiss based on the one-action rule.

### FACTUAL AND PROCEDURAL HISTORY

The Herbert Frey Revocable Family Trust (the trust) loaned Toluca Lake Vintage, LLC (Toluca Lake) $6,000,000, pursuant to a loan agreement dated March 29, 2007. Appellant Yacov Jack Hefetz (Hefetz) entered into a participation agreement with the trust and contributed $2,214,875 toward funding of the loan. The proceeds of the loan were used to purchase property, as well as the funding of engineering, marketing, and architects for a planned development of the commercial property. In relevant part, the loan was secured by the personal residence of respondent Christopher Beavor and his former wife, Samantha.[1] In addition to Beavor's personal residence, the loan was secured by a personal guaranty agreement, wherein Beavor waived his rights under Nevada's one-action rule, found in NRS 40.430. One of the provisions of the loan stated that the loan would default should Toluca Lake file for bankruptcy.

---

[1]Hefetz settled with Samantha Beavor during trial, and she was dismissed from the action. Therefore, any reference in this opinion to "Beavor" solely addresses Christopher, unless otherwise stated.

In 2009, Toluca Lake filed for bankruptcy, thereby defaulting on the loan, and Beavor refused to repay the loan under the terms of the personal guaranty agreement. Subsequently, the trust assigned its interest in the loan, promissory note, deeds of trust, and guaranty to Hefetz.

Without foreclosing on the property, Hefetz filed a complaint to recover damages against Beavor for breach of the guaranty agreement.[2] Beavor did not assert the one-action rule in either his answer to the complaint or his counterclaim. The district court scheduling order mandated the parties file motions to amend pleadings or add parties on or before February 21, 2012, and file dispositive motions on or before June 20, 2012. On April 9, 2012, Beavor filed his first amended counterclaim, which did not assert the one-action rule.

On May 29, 2012, a stipulation and order to extend discovery deadlines was entered, extending discovery until July 23, 2012, and the dispositive motion deadline until August 23, 2012. However, the parties expressly stipulated that the "deadline for any party to amend the pleadings has passed" and "[t]he parties do not seek an extension of [the February 21, 2012,] date."

---

[2]Hefetz argues that he has not taken any action to foreclose on Beavor's personal residence because he alleges Beavor's home is "underwater by an amount in excess of eight hundred thousand dollars even without considering" the loan at issue here and the deed of trust held by Hefetz. Thus, Hefetz argues, the deed of trust would be valueless if Hefetz chose to foreclose. On appeal, the parties do not argue, and we do not address at this time, the application of NRS 40.459(3), regarding limitations on the amounts of money judgments where the debt is secured by a personal place of residence.

A jury trial was held between February 5, 2013, and March 1, 2013, and the jury entered a verdict in favor of Beavor. Subsequently, Hefetz filed a motion for a new trial, or in the alternative, a motion for judgment notwithstanding the verdict. The district court granted Hefetz's motion for a new trial based on Beavor's failure to oppose the motion on its merits. The new trial was scheduled for a five-week stack, commencing October 12, 2015. The district court ordered that the deadlines remained governed by the May 29, 2012, scheduling order, which had deadlines of July 23, 2012, for discovery, and August 23, 2012, for dispositive motions.

On May 5, 2015, Beavor filed a motion to dismiss Hefetz's complaint based on the one-action rule, raising the one-action rule defense for the first time. After a hearing, the district court granted Beavor's motion to dismiss based on the one-action rule, finding that the one-action rule could not be waived. The district court later granted Beavor attorney fees.

Hefetz now appeals and raises the following issues: (1) whether the district court erred by granting Beavor's motion to dismiss because Beavor waived the one-action rule defense by not timely asserting it, and (2) whether the district court abused its discretion by awarding attorney fees to Beavor.

## DISCUSSION

*The district court erred by granting Beavor's motion to dismiss*

Hefetz argues that the district court erred by granting Beavor's motion to dismiss because NRS 40.435(2) and NRCP 8(c) and 12(b) together provide that the one-action rule must be timely asserted in litigation as an affirmative defense and, here, Beavor did not timely assert the defense because he did not assert it until after the first trial. Beavor argues that NRS 40.435(3) and NRS 40.495(5)(d) prohibit a waiver of the

Supreme Court
of
Nevada

(O) 1947A

one-action rule prior to the entry of final judgment, his assertion of the rule is thus timely, and the district court properly dismissed Hefetz's action under NRS 40.453(2)(a).

"This court reviews de novo a district court's order granting a motion to dismiss." *Moon v. McDonald, Carano & Wilson LLP*, 129 Nev. 547, 550, 306 P.3d 406, 408 (2013). Such an order is "rigorously reviewed[;] [t]o survive dismissal, a complaint must contain some set of facts, which, if true, would entitle [Hefetz] to relief." *In re Amerco Derivative Litig.*, 127 Nev. 196, 210-11, 252 P.3d 681, 692 (2011) (citation and internal quotation marks omitted). When interpreting statutes, "[i]f the plain meaning of a statute is clear on its face, then [this court] will not go beyond the language of the statute to determine its meaning." *Beazer Homes Nev., Inc. v. Eighth Judicial Dist. Court*, 120 Nev. 575, 579-80, 97 P.3d 1132, 1135 (2004). When construing statutes and rules together, this court will, if possible, "interpret a rule or statute in harmony with other rules and statutes . . . such that no part of the statute is rendered nugatory or turned to mere surplusage." *Albios v. Horizon Communities, Inc.*, 122 Nev. 409, 418, 132 P.3d 1022, 1028 (2006); *see also Orion Portfolio Servs. 2 LLC v. Cty. of Clark*, 126 Nev. 397, 403, 245 P.3d 527, 531 (2010) ("This court has a duty to construe conflicting statutes as a whole, so that all provisions are considered together and, to the extent practicable, reconciled and harmonized.").

*This court has previously harmonized the statutory provisions of the one-action rule and the NRCP*

NRS 40.430 is commonly referred to as Nevada's "one-action rule." *Walters v. Eighth Judicial Dist. Court*, 127 Nev. 723, 725, 263 P.3d 231, 232 (2011). The one-action rule provides that "there may be but one action for the recovery of any debt, or for the enforcement of any right

secured by a mortgage or other lien upon real estate." NRS 40.430. When applicable, the one-action rule thus requires that "a creditor . . . seek to recover on the property through judicial foreclosure before recovering from the debtor personally." *McDonald v. D.P. Alexander & Las Vegas Boulevard, LLC*, 121 Nev. 812, 816, 123 P.3d 748, 750 (2005). If a creditor fails to comply with the one-action rule and sues a debtor personally without seeking judicial foreclosure, the debtor may assert the one-action rule as a defense and move to dismiss the action. NRS 40.435.

We have previously held, however, that *in litigation* the one-action rule may be waived if it is not timely asserted. *Keever v. Nicholas Beers Co.*, 96 Nev. 509, 513 n.1, 611 P.2d 1079, 1082 n.1 (1980). This holding is contemplated by NRS 40.435(2), which provides that "[i]f the provisions of NRS 40.430 are timely interposed as an affirmative defense . . . ," then the court may, on an appropriate motion, either "[d]ismiss the proceeding" or "[g]rant a continuance" so that the action may be converted into one that complies with the one-action rule. While NRS 40.435(2) does not address what is meant by "timely interpos[ing]" the one-action rule "as an affirmative defense," NRCP 8(b) and 12(c), and our interpretation of them, govern the timely assertion of affirmative defenses, including the one-action rule. *See Webb v. Clark Cty. Sch. Dist.*, 125 Nev. 611, 620, 218 P.3d 1239, 1245 (2009) (holding that a party may waive a statutory affirmative defense if the party fails to timely raise it); *Clark Cty. Sch. Dist. v. Richardson Constr., Inc.*, 123 Nev. 382, 395 & n.25, 168 P.3d 87, 96 & n.25 (2007) ("Under NRCP 8(c), a defense that is not set forth affirmatively in a pleading is waived."); *Elliot v. Resnick*, 114 Nev. 25, 30, 952 P.2d 961, 964 (1998) ("If affirmative defenses are not pleaded or tried by consent, they are waived.").

The litigation waiver provision in NRS 40.435(2) contrasts with the statutory provisions prohibiting the pre-litigation waiver of the one-action rule by agreement. NRS 40.453(1) provides that a debtor may not waive the provisions of the one-action rule in "any document relating to the sale of real property." We have harmonized these conflicting statutes by holding that, while a debtor may be precluded from waiving the one-action rule in documents "relating to the sale of real property," he may waive the rule, intentionally or not, by failing to timely raise it as an affirmative defense after the commencement of litigation. *See Nev. Wholesale Lumber Co. v. Myers Realty, Inc.*, 92 Nev. 24, 28, 544 P.2d 1204, 1207 (1976) (holding that a debtor may waive the one-action rule in litigation by failing to timely assert it, "even though NRS 40.453 precludes a [debtor] from waiving a right secured by the laws of the state in any document relating to the sale of real property"); *see also Keever*, 96 Nev. at 513 n.1, 611 P.2d at 1082 n.1 (1980) (explaining that the one-action rule may be waived in litigation, but not in documents "relating to the sale of real property" (quoting NRS 40.453(1))).

These statutory provisions governing pre- and intra-litigation waiver dovetail with the sanctions aspect of the one-action rule. As we have explained, the one-action rule "does not provide a complete affirmative defense to a separate personal action on the debt, wherever commenced," because the one-action rule "does not excuse the underlying debt." *Bonicamp v. Vazquez*, 120 Nev. 377, 382-83, 91 P.3d 584, 587 (2004). Instead, the one-action rule prohibits a creditor from "first seeking the personal recovery and then attempting, in an additional suit, to recover against the collateral." *Id.* at 383, 91 P.3d at 587. Thus, when suing a debtor on a secured debt, a creditor may initially elect to proceed

against the debtor or the security. If the creditor sues the debtor personally on the debt, the debtor may then either assert the one-action rule, forcing the creditor to proceed against the security first before seeking a deficiency from the debtor, or decline to assert the one-action rule, accepting a personal judgment and depriving the creditor of its ability to proceed against the security. NRS 40.435(3); *Bonicamp*, 120 Nev. at 383, 91 P.3d at 587; *Nev. Wholesale Lumber Co.*, 92 Nev. at 30, 544 P.2d at 1208; *see also Keever*, 96 Nev. at 513, 611 P.2d at 1082 ("The right to waive the security is the debtor's, not the creditor's.").

> *NRS 40.495(5) does not alter the previously explained balance in the one-action rule.*

We have not addressed, however, the effect of NRS 40.495(5) and whether its language stating that the one-action rule "may not be waived" in the enumerated circumstances[3] conflicts with our prior interpretation of the one-action rule.[4] Beavor argues that NRS 40.495(5)(d) prohibits a waiver of the one-action rule before the forced waiver of the rule under NRS 40.435(3) at the entry of final judgment. We disagree.

NRS 40.495(5) is an exception to NRS 40.495(2) ("Except as otherwise provided in subsection 5 . . . ."), which is itself an exception to NRS 40.453 ("Except as otherwise provided in NRS 40.495 . . . ."). Before

---

[3]Hefetz does not refute that Beavor does, in fact, fall within the enumerated provisions of NRS 40.495(5)(a)-(d). Indeed, it does not appear that this question was a disputed question of fact below.

[4]The Legislature enacted the relevant language of NRS 40.495(5) in 1989, after our opinions in *Keever v. Nicholas Beers Co.*, 96 Nev. 509, 611 P.2d 1079 (1980), and *Nevada Wholesale Lumber Co. v. Myers Realty, Inc.*, 92 Nev. 24, 544 P.2d 1204 (1976).

the enactment of NRS 40.495(2) and (5), NRS 40.453 prohibited the waiver of the one-action rule in all circumstances in "any document relating to the sale of real property." Through NRS 40.495(2), the Legislature has provided for exceptions to NRS 40.453 permitting waiver of the one-action rule and in turn provided in NRS 40.495(5) for exceptions to the exception when the rule may not be waived.

We previously interpreted NRS 40.453 in harmony with NRS 40.435(2), which governs asserting the one-action rule in litigation. We stated that a debtor "may waive the benefits of the statute by failing to call the court's attention to the security on the note, even though NRS 40.453 precludes a mortgagor or trustor from waiving a right secured by the laws of the state in any document relating to the sale of real property." *Nev. Wholesale Lumber Co.*, 92 Nev. at 28, 544 P.2d at 1207; *see also Keever*, 96 Nev. at 513 n.1, 611 P.2d at 1082 n.1. Thus, we gave meaning to both NRS 40.435(2), which is specific to waiver during litigation, and NRS 40.453, which is specific to waiver in documents concerning the sale of real property. NRS 40.495(2) and (5), however, are exceptions to and extensions of NRS 40.453, detailing who, when, and how the one-action rule may be waived in documents concerning the sale of real property. Nothing in NRS 40.495(2) or (5) references waiver during litigation. Thus, as we have previously held, these statutes govern waiver in different circumstances, and based on their plain language, they can be interpreted to work harmoniously together. *See Albios*, 122 Nev. at 418, 132 P.3d at 1028.

Moreover, interpreting NRS 40.495(5) broadly as Beavor suggests would render portions of the one-action rule superfluous. If NRS 40.495(5) permitted waiver at any time during litigation until a final

SUPREME COURT
OF
NEVADA

(O) 1947A

judgment was entered, then NRS 40.435(2), specifying that the one-action rule must be "timely interposed as an affirmative defense," would be meaningless. Accordingly, we conclude that, based on the plain language of the statutory scheme, NRS 40.495(5) does not govern waiver during litigation. *See Beazer Homes Nev.*, 120 Nev. at 579-80, 97 P.3d at 1135.

Beavor's argument also misinterprets NRS 40.435(3), which provides that

> [t]he failure to interpose, before the entry of a final judgment, the provisions of NRS 40.430 as an affirmative defense in such a proceeding waives the defense in that proceeding. Such a failure does not affect the validity of the final judgment, but entry of the final judgment releases and discharges the mortgage or other lien.

Beavor focuses on the first sentence, arguing that he has the right to assert the one-action rule until final judgment, but ignores the import of the second sentence.

First, the language of NRS 40.435(3)'s first sentence does not support Beavor's argument. Beavor argues that the one-action rule "can be interposed at any point prior to entry of a final judgment." But the first sentence actually says that if the one-action rule has not been asserted prior to the entry of final judgment, then the rule is waived. The first sentence does not prohibit waiver of the one-action rule earlier in litigation through other means—if it did, it would again render NRS 40.435(2), requiring the timely assertion of the rule, superfluous.

The NRS 40.435(3) waiver of the one-action rule at final judgment is nevertheless necessary because NRS 40.435(2) does not force a waiver of the rule at any set point during litigation. While NRCP 8(c) generally requires a party to timely assert affirmative defenses in a responsive pleading or waive them, *Clark Cty. Sch. Dist.*, 123 Nev. at 395

Supreme Court
OF
Nevada

(O) 1947A

& n.25, 168 P.3d at 96 & n.25, this does not categorically prohibit a party from attempting to raise an affirmative defense later in litigation. A party may attempt to revive a defense by moving to amend his or her complaint under NRCP 15. *See State, Univ. & Cmty. Coll. Sys. v. Sutton*, 120 Nev. 972, 987-88, 103 P.3d 8, 18-19 (2004) ("NRCP 15(b) allows a party to move to amend its pleadings to conform to the evidence presented at trial."); *Elliot*, 114 Nev. at 30, 952 P.2d at 964 ("If affirmative defenses are not pleaded or tried by consent, they are waived.").

Second, the cutoff of the right to assert the one-action rule after final judgment permits the triggering of the sanctions portion of the rule in the second sentence of NRS 40.435(3). Under this provision, once the rule's protection has been waived, the debtor may prohibit the creditor from proceeding against the security. *Bonicamp*, 120 Nev. at 382, 91 P.3d at 587 ("'[F]ailure to assert NRS 40.430 as an affirmative defense [in a separate action that violates NRS 40.430] does not result in a waiver of all protection under that statute and leaves the debtor or his successor in interest free to invoke the sanction aspect of the "one-action" rule.'" (quoting *Nev. Wholesale Lumber*, 92 Nev. at 30, 544 P.2d at 1208)). Thus, NRS 40.435(3) does not conflict with other rules and statutes by prohibiting the waiver of the one-action rule until final judgment, but triggers a definitive waiver at final judgment so that the sanctions portion of the rule can take effect. Accordingly, we conclude that NRS 40.435(3) does not prohibit a waiver of the one-action rule during litigation prior to final judgment.[5]

---

[5]We perceive no conflict between the statutory provisions of the one-action rule and the NRCP because the statutes and the rules work harmoniously together. As there is no conflict, we need not consider

*continued on next page...*

*Beavor waived the one-action rule defense by failing to timely interpose it*

Turning to the facts of this case, Beavor failed to assert the one-action rule as a defense in his answer, counterclaim, amended counterclaim, opposition to Hefetz's motion for partial summary judgment, at the first trial, or in his opposition to Hefetz's motion for a new trial. During this time, the deadlines to amend the pleadings and for dispositive motions passed. Even after the motion for new trial was granted, the district court ordered that those deadlines remained in effect.

Because Beavor did not assert the one-action rule as a defense in his responsive pleadings, he failed to timely interpose the one-action rule defense as required by NRS 40.435(2) and NRCP 8(c). Therefore, the district court erred by granting Beavor's motion to dismiss, and we reverse the district court's order. In doing so, we also vacate the district court's award of attorney fees and costs to Beavor. *See Schwabacher & Co. v. Zobrist*, 97 Nev. 97, 97-98, 625 P.2d 82, 82 (1981) (reversing award to

---

*...continued*

whether any portions of the one-action rule violate separation of powers. *See State v. Connery*, 99 Nev. 342, 345, 661 P.2d 1298, 1300 (1983) ("[T]he legislature may not enact a procedural statute that conflicts with a pre-existing procedural rule, without violating the doctrine of separation of powers . . . ."); *see also Seisinger v. Siebel*, 203 P.3d 483, 489 (Ariz. 2009) ("[A] determination that a statute and court rule cannot be harmonized is but the first step in a separation of powers analysis. If there is a conflict . . . we must then determine whether the challenged statutory provision is substantive or procedural." (citations omitted)).

defendant for attorney fees and costs when the district court erred in granting motion to dismiss "because the basis for the order no longer exists").

## CONCLUSION

The district court erred by granting a motion to dismiss in favor of Beavor because Beavor failed to timely interpose the one-action rule defense. Accordingly, we reverse the district court order granting the motion to dismiss and vacate its award of attorney fees to Beavor.

_____, J.
Stiglich

We concur:

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

