# IN THE SUPREME COURT OF THE STATE OF NEVADA

LANLIN ZHANG,
Appellant,
vs.
RECONTRUST COMPANY, N.A.;
COUNTRYWIDE HOME LOANS, INC.,
A NEW YORK CORPORATION;
NATIONAL TITLE COMPANY, A
NEVADA CORPORATION; AND
SILVER STATE FINANCIAL
SERVICES, INC., A NEVADA
CORPORATION,
Respondents.

No. 69246

FILED

NOV 15 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

LANLIN ZHANG,
Appellant,
vs.
RECONTRUST COMPANY, N.A.;
COUNTRYWIDE HOME LOANS, INC.,
A NEW YORK CORPORATION;
NATIONAL TITLE COMPANY, A
NEVADA CORPORATION; AND
SILVER STATE FINANCIAL
SERVICES, INC., A NEVADA
CORPORATION,
Respondents.

No. 70923

## *ORDER OF AFFIRMANCE*

This is a consolidated appeal from a final judgment and a post-judgment order resolving attorney fees in an action regarding the sale of real property. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

In 2004 Appellant Lanlin Zhang brought suit for specific performance when Frank Sorichetti attempted to renege on a home sale contract. Subsequently Recontrust Company, Countrywide Home Loans, National Title Company, and Silver State Financial Services (collectively

17-39446

the Lenders) were brought into the suit after Sorichetti fraudulently refinanced the property. Following more than twelve years of litigation, the district court entered judgment finding that the Lenders were equitably subrogated to the prior lien holders and thus their deeds of trust had priority over Zhang's rights to purchase the property. The district court also denied Zhang's post-judgment motion for attorney fees.

Prior to these judgments, the Lenders' insurance company, First American Title Insurance Company (FATIC), a non-party to this case, obtained a judgment against Sorichetti for insurance fraud resulting from FATIC issuing title insurance policies to the Lenders. After learning of FATIC's judgment against Sorichetti, Zhang filed a motion to reconsider the equitable subrogation judgment, arguing theories of double recovery and violation of Nevada's one-action rule. The district court denied Zhang's motion, finding that the Lenders and FATIC are "distinct and different legal entities." Zhang now appeals the district court's judgment on equitable subrogation and the district court's denial of attorney fees.

We conclude that the district court did not err in awarding full equitable subrogation to the Lenders. *Am. Sterling Bank v. Johnny Mgmt. LV, Inc.*, 126 Nev. 423, 428, 245 P.3d 535, 538 (2010) (explaining that equitable subrogation is an equitable remedy and this court reviews decisions concerning equitable remedies for abuse of discretion). FATIC and Countrywide are two distinct entities and FATIC's insurance fraud claim against Sorichetti never belonged to Countrywide. FATIC was entitled to independently assert any claims it may have had against Sorichetti and, as such, FATIC's insurance fraud claim was not a subrogation claim. *See Arguello v. Sunset Station, Inc.*, 127 Nev. 365, 368, 252 P.3d 206, 208 (2011) ("Subrogation is '[t]he principle under which an insurer that has paid a loss under an insurance policy is entitled to all the

rights and remedies belonging to the insured against a third party with respect to any loss covered by the policy.'" (quoting Black's Law Dictionary 1563-64 (9th ed. 2009)).

Moreover, the district court did not err in finding both the double recovery doctrine and NRS 40.430 inapplicable to this case. As FATIC and Countrywide are separate entities, the double recovery doctrine does not apply to this case because they are not one plaintiff seeking to recover the same damages under different legal theories. *See Elyousef v. O'Reilly & Ferrario, LLC*, 126 Nev. 441, 444, 245 P.3d 547, 549 (2010) (explaining that, under the double recovery doctrine, a plaintiff asserting claims under different legal theories "'is not entitled to a separate compensatory damage award under each legal theory'") (quoting *Grosjean v. Imperial Palace, Inc.*, 125 Nev. 349, 372, 212 P.3d 1068, 1084 (2009)). Nevada's one-action rule is similarly inapplicable because there is no evidence that the Lenders transferred the promissory notes or deeds of trust to FATIC. *Bonicamp v. Vazquez*, 120 Nev. 377, 380, 91 P.3d 584, 586 (2004) (explaining that if a creditor obtains a money judgment on the underlying promissory note prior to foreclosing on the real property, the creditor loses his rights to the real property). Because FATIC is not the holder of the promissory notes or deeds of trust, it had no ability or responsibility to foreclose on the property before pursuing an insurance fraud action against Sorichetti. We therefore hold that this case does not implicate the double recovery doctrine or Nevada's one-action rule.

We further conclude that the district court did not abuse its discretion by denying Zhang attorney fees under NRS 17.115 and NRCP 68(f), which allow for an award of attorney fees where a party rejects an offer of judgment and fails to obtain a more favorable judgment. This court does not disturb such determinations absent an abuse of discretion. *Wynn*

*v. Smith*, 117 Nev. 6, 13, 16 P.3d 424, 428 (2001). Zhang argues that the district court abused its discretion by failing to make specific findings as to the fourth *Beattie* factor and all of the *Brunzell* factors when analyzing her offers of judgment. *See Beattie v. Thomas*, 99 Nev. 579, 668 P.2d 268 (1983); *Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 455 P.2d 31 (1969). However, it is not an automatic abuse of discretion if the district court fails to make explicit findings as to all the *Beattie* and *Brunzell* factors, provided support for one or more factors is clear from the record. *Wynn*, 117 Nev. at 7, 16 P.3d at 429; *Logan v. Abe*, 131 Nev., Adv. Op. 31, 350 P.3d 1139, 1143 (2015). The district court order denying attorney fees makes specific findings as to the first three *Beattie* factors and noted that it "considered and weighed *all* of the *Beattie* factors, the facts and circumstances of this case, and . . . the complexity of the issues presented in this case." (emphasis added). The district court's minute order also specifically states that the parties "argued regarding the flawed analysis of the *Beattie* factors and the *Brunzell* case." We therefore hold that the district court did not abuse its discretion in denying Zhang attorney fees.[1]

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

---

[1]We have considered the parties' remaining arguments and conclude that they are without merit.

cc:  Hon. Timothy C. Williams, District Judge
Thomas J. Tanksley, Settlement Judge
Marquis Aurbach Coffing
Gerrard Cox & Larsen
Eighth District Court Clerk