**136 Nev., Advance Opinion 7**
IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT CHUR; STEVE FOGG; MARK GARBER; CAROL HARTER; ROBERT HURLBUT; BARBARA LUMPKIN; JEFF MARSHALL; AND ERIC STICKELS,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE NANCY L. ALLF, DISTRICT JUDGE,
Respondents,
and
COMMISSIONER OF INSURANCE FOR THE STATE OF NEVADA AS RECEIVER OF LEWIS AND CLARK LTC RICK RETENTION GROUP, INC.,
Real Party in Interest.

No. 78301

**FILED**

FEB 27 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus challenging the denial of a motion for judgment on the pleadings in a business matter.

*Petition granted.*

Holland & Hart LLP and J. Stephen Peek, Ryan A. Semerad, and Jessica E. Whelan, Las Vegas; Lipson Neilson P.C. and Joseph P. Garin and Angela T. Nakamura Ochoa, Las Vegas,
for Petitioners.

Fennemore Craig, P.C., and James L. Wadhams and Christopher H. Byrd, Las Vegas; Kolesar & Leatham and Brenoch R. Wirthlin, Las Vegas,
for Real Party in Interest.

20-07840

BEFORE THE COURT EN BANC.

## OPINION

By the Court, HARDESTY, J.:

This case requires us to consider whether a corporate director or officer may be held individually liable for breaching his or her fiduciary duty of care through gross negligence. Statutorily, a director or officer is not individually liable for harm resulting from official actions unless the director or officer engages in "intentional misconduct, fraud or a knowing violation of law." NRS 78.138(7)(a)-(b). In *Shoen v. SAC Holding Corp.*, 122 Nev. 621, 640, 137 P.3d 1171, 1184 (2006), however, we stated that "[w]ith regard to the duty of care, the business judgment rule does not protect the gross negligence of uninformed directors and officers." As a result, some courts, including the district court here, have allowed claims against individual directors and officers to proceed based only on allegations of gross negligence.

We now clarify that, based on the plain text of the statute, NRS 78.138(7) applies to all claims of individual liability against directors and officers, precluding the imposition of liability for grossly negligent breaches of fiduciary duties. We further conclude that the gross negligence-based allegations in the operative complaint below fail to state an actionable claim under NRS 78.138.

## FACTS AND PROCEDURAL HISTORY

Petitioners (collectively, the Directors) formerly served as directors of Lewis & Clark LTC Risk Retention Group, Inc. Lewis & Clark operated as a Nevada risk retention group that insured long-term care facilities and home health providers across the country, but in 2012, the

Nevada Division of Insurance filed a receivership action related to Lewis & Clark, and the district court entered a liquidation order. In the liquidation order, the court appointed real party in interest, the Commissioner of Insurance for the State of Nevada, as receiver. In addition, the liquidation order granted the receiver the power to "[p]rosecute any action which may exist on behalf of the policyholders, members, or shareholders of [Lewis & Clark] against any officer of [Lewis & Clark] or any other person."

As receiver of Lewis & Clark, the Commissioner filed the operative complaint against the Directors, amongst others, alleging claims of gross negligence and deepening insolvency. As to the gross negligence claim, the Commissioner claimed that the Directors "fail[ed] to properly inform [themselves] of [the] status of [Lewis & Clark]" and take appropriate corrective action. Regarding the deepening insolvency claim, the Commissioner alleged that the Directors' "inaction severely prolonged the insurance actions of [Lewis & Clark] that led to its initial insolvency and that then also increased its insolvency." The Directors sought to dismiss the claims pursuant to NRCP 12(b)(5), maintaining that the Commissioner failed to state a viable claim. The district court denied the Directors' motion.

Thereafter, the Directors filed an NRCP 12(c) motion for judgment on the pleadings. The Directors argued that, even accepting the Commissioner's allegations as true, gross negligence cannot support a claim for personal liability against the Directors pursuant to NRS 78.138. The district court denied the Directors' motion, relying on *Shoen*.

Following the district court's denial of the Directors' motion for judgment on the pleadings, the Directors filed a motion for reconsideration. The Directors argued that the district court's order improperly relied on

 

*Shoen* and ignored the clear standard required to hold directors individually liable under NRS 78.138(7). The district court denied the Directors' motion for reconsideration and found that the Commissioner stated a claim for breach of the fiduciary duty of care pursuant to *Shoen*, as well as a claim for deepening insolvency.[1] In doing so, the district court announced and applied a bifurcated approach to evaluate allegations for claims seeking to hold directors and officers individually liable, requiring a showing of at least gross negligence to state a duty-of-care claim or "intentional misconduct, fraud, or a knowing violation of the law to state a duty-of-loyalty claim."

The Directors now petition this court for a writ of mandamus directing the district court to apply the plain text of NRS 78.138 and to grant the motion for judgment on the pleadings.

## DISCUSSION

### We elect to consider the petition for a writ of mandamus

Because a writ petition seeks extraordinary relief, the consideration of the petition is within our sole discretion. *Okada v. Eighth Judicial Dist. Court*, 134 Nev. 6, 8, 408 P.3d 566, 569 (2018). Where there is no plain, speedy, and adequate remedy in the ordinary course of law, extraordinary relief may be available. NRS 34.170; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). "A writ of mandamus is available to compel the performance of an act that the law requires . . . or to control an arbitrary or capricious exercise of discretion."

---

[1]Because the Directors do not address the deepening insolvency claim in their petition, and because the district court found that the deepening insolvency claim could only exist as a collateral cause of action, we decline to address the validity of the claim in Nevada.

*Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); *see also* NRS 34.160.

We generally decline to entertain writ petitions challenging the denial of a motion to dismiss. *State v. Eighth Judicial Dist. Court* (*Anzalone*), 118 Nev. 140, 147, 42 P.3d 233, 238 (2002). This rule applies equally to orders denying a motion for judgment on the pleadings, as we consider them under the same standard as motions to dismiss. *See, e.g., Sadler v. PacifiCare of Nev., Inc.*, 130 Nev. 990, 993-94, 340 P.3d 1264, 1266-67 (2014) (reviewing an order granting an NRCP 12(c) motion under the same standard as an order dismissing a complaint pursuant to NRCP 12(b)(5)). However, we may nevertheless review an order denying a motion to dismiss, and by extension an order denying a motion for judgment on the pleadings, when: "(1) no factual dispute exists and the district court is obligated to dismiss an action pursuant to clear authority under a statute or rule; or (2) an important issue of law needs clarification and considerations of sound judicial economy and administration militate in favor of granting the petition." *Anzalone*, 118 Nev. at 147, 42 P.3d at 238.

Here, the district court denied the Directors' motion for reconsideration after determining that our dicta from *Shoen*, and federal cases citing to the same, controlled in this case. The district court found that the Commissioner stated a cause of action for the breach of the fiduciary duty of care. The Directors maintain that the district court misinterpreted and misapplied *Shoen* and argue that the plain language of NRS 78.138 governs this case. Because federal courts in Nevada, as well as the district court in the case at bar, have relied on *Shoen* to imply a bifurcated tract for establishing breaches of the fiduciary duties of care and loyalty—in contravention of NRS 78.138's plain language—the Directors

argue that this writ petition presents a purely legal question in need of clarification. We agree.

We are concerned that our language in *Shoen* has misled lower courts about the law surrounding individual liability for directors and officers in Nevada, and that this confusion risks imposing inconsistent results for different litigants. To clarify the governing law in actions against directors or officers for breaches of fiduciary duties, and in the interest of judicial economy, we exercise our discretion to consider this petition for writ of mandamus.

*NRS 78.138 provides the sole mechanism to hold directors and officers individually liable for damages in Nevada*

This court reviews questions of statutory construction de novo. *Zohar v. Zbiegien*, 130 Nev. 733, 737, 334 P.3d 402, 405 (2014). "If the plain meaning of a statute is clear on its face, then [this court] will not go beyond the language of the statute to determine its meaning." *Beazer Homes Nev., Inc. v. Eighth Judicial Dist. Court*, 120 Nev. 575, 579-80, 97 P.3d 1132, 1135 (2004) (alteration in original) (internal quotation marks omitted).

NRS 78.138(3) (2017) provides that "[a] director or officer is not individually liable for damages as a result of an act or failure to act in his or her capacity as a director or officer *except under circumstances described in subsection 7*."[2] (Emphasis added.) NRS 78.138(7) requires a two-step analysis to impose individual liability on a director or officer. First, the presumptions of the business judgment rule, codified in NRS 78.138, must be rebutted. NRS 78.138(7)(a); *Wynn Resorts, Ltd. v. Eighth Judicial Dist. Court*, 133 Nev. 369, 375, 399 P.3d 334, 342 (2017) ("Nevada's business

---

[2]Minor revisions to this statute, not relevant here, were made to this statute in 2019. *See* 2019 Nev. Stat., ch. 19, § 3, at 90-91.

judgment rule is codified at NRS 78.138 . . . ."). The business judgment rule states that "directors and officers, in deciding upon matters of business, are presumed to act in good faith, on an informed basis and with a view to the interests of the corporation." NRS 78.138(3). Second, the "director's or officer's act or failure to act" must constitute "a breach of his or her *fiduciary duties*," and that breach must further involve "intentional misconduct, fraud or a knowing violation of law." NRS 78.138(7)(b)(1)-(2) (emphasis added). In Nevada, directors and officers owe the fiduciary duties of care and loyalty to the corporation. *See Shoen*, 122 Nev. at 632, 137 P.3d at 1178. As is clear from the plain language of NRS 78.138, the statute provides for the sole circumstance under which a director or officer may be held individually liable for damages stemming from the director's or officer's conduct in an official capacity.

In denying the Directors' motion, the district court relied on our decision in *Shoen*, in which we announced the operative test governing pleading demand futility in shareholder derivative actions. *Id.* at 626-27, 137 P.3d at 1174-75. There, we looked to Delaware law and adopted the test employed by the Supreme Court of Delaware. *Id.* at 641, 137 P.3d at 1184; *see Aronson v. Lewis*, 473 A.2d 805, 814-15 (Del. 1984), *overruled on other grounds by Brehm v. Eisner*, 746 A.2d 244, 253-54 (Del. 2000). In dicta, we examined the difficulty of establishing interestedness through potential liability and opined that,

> [w]ith regard to the duty of care, the business judgment rule does not protect the gross negligence of uninformed directors and officers. And directors and officers may only be found personally liable for breaching their fiduciary duty of loyalty if that breach involves intentional misconduct, fraud, or a knowing violation of the law.

*Shoen*, 122 Nev. at 640, 137 P.3d at 1184 (footnote omitted).

Relying on this dicta, the district court here found that a "director's misconduct must rise at least to the level of gross negligence to state a breach-of-the-fiduciary-duty-of-due-care claim, or involve 'intentional misconduct, fraud, or a knowing violation of the law,' to state a duty-of-loyalty claim." (Quoting *Jacobi v. Ergen*, No. 2:12-cv-2075-JAD-GWF, 2015 WL 1442223, at *4 (D. Nev. 2015) (citing *Shoen*, 122 Nev. at 640, 137 P.3d at 1184).) Pursuant to this standard, the district court reasoned that the Commissioner stated a cause of action for a breach of the fiduciary duty of care. This characterization of *Shoen*, however, conflicts with the plain language of NRS 78.138.

We therefore take this opportunity to clarify *Shoen*. We reject the district court's determination that *Shoen* provided a separate breach-of-the-duty-of-care claim apart from the strictures of NRS 78.138. Thus, we disavow *Shoen* to the extent it implied a bifurcated approach to duty-of-care and duty-of-loyalty claims, and we give effect to the plain meaning of NRS 78.138. Accordingly, we conclude that NRS 78.138(7) provides the sole avenue to hold directors and officers individually liable for damages arising from official conduct.[3]

---

[3]We recognize that federal district courts in Nevada have similarly construed the language in *Shoen* as setting forth a bifurcated approach to duty-of-care and duty-of-loyalty claims. However, in those instances, the error did not impact the outcome of the case because either the operative federal statute explicitly provided for personal liability for gross negligence, *see FDIC v. Jacobs*, No. 3:13-cv-00084-RCJ-VPC, 2014 WL 5822873, at *2, *4 (D. Nev. 2014); *FDIC v. Johnson*, No. 2:12-CV-209-KJD-PAL, 2014 WL 5324057, at *3 (D. Nev. 2014); *FDIC v. Jones*, No. 2:13-cv-168-JAD-GWF, 2014 WL 4699511, at *9 (D. Nev. 2014); *FDIC v. Delaney*, No. 2:13-CV-924-JCM (VCF), 2014 WL 3002005, at *2 (D. Nev. 2014), or because the case concerned demand futility, like in *Shoen*, and the court reproduced the

 

*The Commissioner failed to plead a cause of action pursuant to NRS 78.138 because allegations of gross negligence do not state a breach of the fiduciary duty of care involving a "knowing violation of law"*

Having concluded that the plain language of NRS 78.138(7) governs the case at bar, we next turn to the allegations set forth in the complaint. As NRS 78.138(7) makes clear, in order to state a claim against the Directors individually, the Commissioner must allege facts that when taken as true (1) rebut the business judgment rule, and (2) constitute a breach of a fiduciary duty involving "intentional misconduct, fraud or a knowing violation of law." *See Peck v. Zipf*, 133 Nev. 890, 892, 407 P.3d 775, 778 (2017) (detailing that "this court accepts the factual allegations in the complaint as true and draws all inferences in favor of the nonmoving party" when reviewing a motion for judgment on the pleadings); *see also* NRCP 12(c). The parties do not dispute that the pertinent question regarding the second prong is whether allegations of gross negligence constitute a viable claim for breach of the fiduciary duty of care involving a "knowing violation of law." NRS 78.138(7)(b). Given the conjunctive nature of NRS 78.138(7), we assume, without deciding, that the allegations set forth in the complaint rebut the business judgment rule to reach the question before us.[4]

The Commissioner contends that the allegations of gross negligence both rebut the business judgment rule and constitute a breach of the fiduciary duty of care involving a knowing violation of law. The

---

*Shoen* dicta only to demonstrate the difficulty of establishing interestedness through potential liability, *see Jacobi v. Ergen*, No. 2:12-cv-2075-JAD-GWF, 2015 WL 1442223, at *4 (D. Nev. 2015).

[4]Because the petition concerns NRS 78.138(7)'s second prong, and because that analysis proves dispositive, we make no decision concerning the business judgment rule.

Directors respond that the Commissioner's interpretation of NRS 78.138(7) ignores the plain language of the statute and collapses the requirements of the exculpatory provision into a single step. Specifically, the Directors maintain that "[k]nowledge necessarily requires a level of *scienter* appreciably higher than that of gross negligence." To support this, the Directors look to *Black's Law Dictionary* (11th ed. 2019) to contrast the legal definitions of "gross negligence"—"reckless disregard of a legal duty"—and "knowledge"—"[a]n awareness or understanding."

This court has not yet defined the meaning of "a knowing violation of law" in the context of Nevada's exculpatory provision for corporate directors and officers. However, the Tenth Circuit Court of Appeals opined on the meaning of a "knowing violation of law" and "intentional misconduct" under NRS 78.138(7)(b). *See In re ZAGG Inc. S'holder Derivative Action*, 826 F.3d 1222, 1232 (10th Cir. 2016). The *ZAGG* court held that the shareholders of a Nevada corporation must assert allegations in their complaint that "establish whether, in light of the Nevada exculpatory statute, the [d]irector [d]efendants faced a substantial risk of liability in [a] derivative action." *Id.* To answer this question, the court considered what NRS 78.138(7)(b)'s terms "knowing violation" and "intentional misconduct" specifically require. *Id.* The court noted that in certain contexts "knowingly" requires only "factual knowledge as distinguished from knowledge of the law." *Id.* (quoting *Bryan v. United States*, 524 U.S. 184, 192 (1998)). However, the *ZAGG* court also considered that courts have "interpreted knowingly and intentionally more expansively, to require knowledge of wrongfulness." *Id.* at 1232-33 (emphasis omitted) (referencing cases from the United States Supreme Court, Eleventh Circuit, Ninth Circuit, Idaho, Indiana, and Massachusetts).

The *ZAGG* court ultimately concluded that an expansive definition of "intentional" and "knowing" makes the most sense in the context of an exculpatory statute limiting the liability of corporate directors and officers. *Id.* at 1233. On this point, the court explained that,

> [u]nder the narrower interpretations of *intentional* and *knowing* that do not require knowledge of wrongfulness, a director would not be protected so long as the director knew what his or her actions were—such as signing a document with knowledge of its contents. But that state of mind would be present for virtually any conduct that could lead to the director's liability to the corporation or its stockholders or creditors. The exculpatory statute would be an empty gesture. To give the statute a realistic function, it must protect more than just directors (if any) who did not know what their actions were; it should protect directors who knew what they did but not that it was wrong.

*Id.*

We agree with and adopt the Tenth Circuit's definition of "intentional" and "knowing," as enunciated in *ZAGG*, for determining whether a "director's or officer's act or failure to act constituted a breach of his or her fiduciary duties . . . involv[ing] intentional misconduct, fraud or a knowing violation of law." NRS 78.138(7). Accordingly, we conclude that the claimant must establish that the director or officer had knowledge that the alleged conduct was wrongful in order to show a "knowing violation of law" or "intentional misconduct" pursuant to NRS 78.138(7)(b).

Considering whether the Commissioner here sufficiently pleaded that the Directors knew their conduct to be wrongful, we conclude that the Commissioner did not. Instead, the complaint focuses solely on gross negligence and alleges facts that purport to rebut the business

judgment rule.[5] Because knowledge of wrongdoing, as required by NRS 78.138(7)(b), is an appreciably higher standard than gross negligence—defined by *Black's Law Dictionary* (11th ed. 2019) as "reckless disregard of a legal duty"—we conclude that the Directors are entitled to judgment as a matter of law and the district court erred in denying the Directors' motion for judgment on the pleadings. *See Bonicamp v. Vazquez*, 120 Nev. 377, 379, 91 P.3d 584, 585 (2004) (explaining that "judgment on the pleadings under NRCP 12(c) is appropriate only when material facts are not in dispute and the movant is entitled to judgment as a matter of law").

## CONCLUSION

As the Directors are entitled to judgment as a matter of law on the Commissioner's complaint, we grant the Directors' petition and direct the clerk of this court to issue a writ of mandamus instructing the district court to vacate its order denying the motion for judgment on the pleadings

---

[5]For example, paragraph 104 of the complaint alleges, "[o]n information and belief, at this time the Board knew that reliance on information presented to it by, or at the direction of, Uni-Ter and U.S. RE could not be relied on . . . ." Paragraph 105 goes on to allege, "[o]n information and belief, despite this knowledge of the Board regarding the wholly inadequate and inaccurate information provided by Uni-Ter, the Board's *gross negligence* is manifest in the fact that, the Board failed to exercise even a *slight degree of care* . . . ." (Emphasis added.)

and enter a new order granting that motion instead. We leave it to the discretion of the trial court whether to grant the Commissioner leave to amend the complaint.

_____, J.
Hardesty

We concur:

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver